SCHOLZ *v.* BOENING.

1. PARTITION—SELECTION BY COURT—ESTOPPEL.

Failure of appellant, a defendant, to make selection of parcel of land within time allowed by court in partition proceedings where commissioners had failed to specify share allotted to each of the seven parties *held*, to preclude her from raising any objection to selection made for her by the court and the decree entered thereon, where she was familiar with the location of the land (3 Comp. Laws 1929, § 15018).

2. COMPROMISE AND SETTLEMENT—MISTAKE—FRAUD—UNCONSCIONABLE ADVANTAGE.

Settlements of controversies between parties by way of compromise, without litigation, are favored, and will not be set aside by courts except on satisfactory evidence of mistake, fraud or unconscionable advantage.

Appeal from Macomb; Spier (James E.), J. Submitted October 13, 1936. (Docket No. 74, Calendar No. 39,106.) Decided December 8, 1936.

Bill by Herman Scholz and others against Frank Boening and others for an accounting, partition of land and other relief. From decree rendered, defendant Amanda Boening appeals. Affirmed.

*Ira J. Pettiford,* for plaintiffs.

*James Segesta* (*Abraham Croll,* of counsel), for defendant Amanda Boening.

SHARPE, J. During their lifetimes Gustave Scholz and wife, Mary, owned a 60-acre farm in Warren township, Macomb county. These parties died in 1927, their estates were duly probated and the real estate assigned to the heirs. Plaintiffs, Herman Scholz, George Scholz, Charles Scholz, Elmer Scholz and Catherine Scholz are the heirs at law of Gustave Scholz and with the exception of Catherine Scholz are the children of Gustave and Mary Scholz, deceased. Catherine Scholz is the widow of a son, Gustave Scholz, junior. The defendant Frank Boening, husband of Amanda Boening, was the administrator of the Scholz estate; and the defendants Amanda Boening, Edward Scholz, and Ella Baumgartner are children and heirs at law of Gustave and Mary Scholz.

In March, 1934, plaintiffs filed a bill of complaint against defendants for partition and an accounting of rentals received by Frank Boening. Defendants filed their answer in which they contended that the property could not be equitably partitioned and assigned; and that the property should be left intact

until a private sale of the entire parcel could be made.

In September, 1935, the trial judge ordered the land to be partitioned, appointed commissioners for that purpose, and ordered them to partition the land and make the allotments to each party. In December, 1935, the commissioners filed their report, they divided the land into eight parcels, but did not designate the particular parcel each heir should receive. On March 6, 1936, a hearing was had, the survey of the surveyor was produced and filed in court, but no testimony was taken. After much discussion and failure to agree upon which parcel each party should take, the court without objection directed the attorney for the defendants to have his clients in his office and make a selection by 8:30 p. m. that night and to notify plaintiffs' counsel of the selection. The defendants failed to make such a selection and at 9:20 p. m., plaintiffs made a selection of parcels one, two, three, and seven. The following day the defendants made a selection of lots one, two, and seven claiming that they were unable to make their selection on the evening of March 6, 1936, by reason of the fact that the parcels were not properly staked out. Thereupon the court on March 28, 1936, allotted parcel one to defendant Edward Scholz, parcel two to Ella Baumgartner, and parcel three to Amanda Boening who, being dissatisfied in the award of parcel three instead of parcel seven, appeals from the decree entered and contends that the trial court in making partition of the parcels acted illegally and contrary to the statute.

In this cause the commissioners appointed by the court made a report as prescribed by law except that they did not specify the shares or parcels al-

lotted to each party with convenient certainty as is required by 3 Comp. Laws 1929, § 15018, but the record shows that no objections were made by any party to the report. On March 6, 1936, defendant Amanda Boening was in court and through her attorney consented to make a selection of her lot or parcel before 8:30 p. m., on that same evening. Her failure to select within the time agreed upon now precludes her from raising any objection to the selection made for her by the court and the decree entered thereon. Nor are we impressed with appellant's argument that she acted within a reasonable time in making her selection; she was familiar with the location of the farm, having been raised there from the time she was a little girl. It is obvious that she could have made her selection of the parcel she wanted on the evening of March 6, 1936.

In *Loud* v. *Federal Ins. Co.,* 195 Mich. 60, we said:

"Settlements of controversies between parties by way of compromise, without litigation, are favored, and will not be set aside by courts except on satisfactory evidence of mistake, fraud, or unconscionable advantage."

The decree of the trial court is affirmed. Plaintiffs may recover costs.

NORTH, C. J., and FEAD, WIEST, BUTZEL, BUSHNELL and TOY, JJ., concurred. POTTER, J., did not sit.