KRESS v. DEPARTMENT OF REVENUE.

1. Taxation—Use Tax—Processing—Water Softeners.

Apparatus through which "raw" water is run, certain matter taken therefrom by contact with chemicals and emerges as "soft" water constitutes a "processing" as such term is used in the use tax act (Act No. 94, § 4, subd. [g], Pub. Acts 1937, as amended by Act No. 180, Pub. Acts 1945).

2. Statutes—Construction—Sales Tax—Use Tax.

So far as construction of identical terms is concerned, the general sales tax act and the use tax act are complementary (Act No. 167, Pub. Acts 1933; Act No. 94, Pub. Acts 1937, as amended).

3. Taxation — Use Tax — Industrial Processing — Subsequent Sale.

As used in the use tax act, the term "industrial processing" is not intended to apply to processing so as to exempt property used in processing from tax, where there is no subsequent sale (Act No. 94, § 4, subd. [g], Pub. Acts 1937, as amended by Act No. 180, Pub. Acts 1945).

4. Same—Return of Taxpayer—Penalty—Compromise.

Where taxpayer does not make a return to the department of revenue of property subject to use tax and department is required to make an assessment in order to obtain ·the tax, a 25 per cent. penalty assessment follows automatically in the absence of a compromise as to such penalty (Act No. 94, §§ 10, 11, Pub. Acts 1937; Act No. 122, § 6a, Pub. Acts 1941, as added by Act No. 190, Pub. Acts 1943).

---

References for Points in Headnotes

[1–6] Constitutionality, construction, and application of general use tax or other compensating tax designed to complement State sales tax. 129 A.L.R. 222; 153 A.L.R. 609.

[1, 6] 47 Am. Jur., Sales and Use Taxes, § 55.

[2] 47 Am. Jur., Sales and Use Taxes, § 54.

[3] 47 Am. Jur., Sales and Use Taxes, § 56.

[4, 5] 47 Am. Jur., Sales and Use Taxes, § 57.

[7] 14 Am. Jur., Costs, § 97.

5. SAME—WATER SOFTENER—USE TAX—ROYALTY.

Franchise fee or royalty paid by plaintiff, resident purchaser of water softener from nonresident seller, to nonresident manufacturer and which was "passed on" to lessee of such softener to whom plaintiff leased them was properly included as part of the basis for computing the use tax (Act No. 94, § 3, Pub. Acts 1937).

6. SAME—WATER SOFTENERS—INDUSTRIAL PROCESSING—USE TAX.

While water softeners purchased by plaintiff out of the State, which were leased by him for service in stores, restaurants, hotels and manufacturing plants were not taxable under use tax act as they were used in industrial processing, where used in residences they were subject to tax (Act No. 94, § 4, subd. [g], Pub. Acts 1937, as amended by Act No. 180, Pub. Acts 1945).

7. COSTS—PREVAILING ONLY IN PART.

No costs are allowed where each party prevails only in part on appeal.

Appeal from Ingham; Hayden (Charles H.), J. Submitted June 17, 1948. (Docket No. 83, Calendar No. 43,988.) Decided November 12, 1948. Rehearing denied December 17, 1948.

Petition by Melvin A. Kress, doing business as Jackson Soft Water Service, against Department of Revenue for redetermination of tax. Tax redetermined. Defendant reviews by certiorari in circuit court for the county of Ingham. Determination of tax board reversed. Plaintiff appeals. Reversed and remanded.

*Kleinstiver & Anderson,* for plaintiff.

*Eugene F. Black,* Attorney General, *Edmund E. Shepherd,* Solicitor General, *T. Carl Holbrook* and *Daniel J. O'Hara,* Assistants Attorney General, for the defendant.

*Amicus curiae:* *Schaberg & Schaberg,* for Michigan Soft Water Operators' Association, on application for rehearing.

Reid, J. Plaintiff petitioned the State board of tax appeals for a redetermination of an assessment which had been made against plaintiff by the State department of revenue for use tax and penalty for the period, August, 1940, to April 30, 1946. The assessment was for water softener units claimed by plaintiff to be used in industrial processing. From a determination by the State board of tax appeals that there was no tax due, defendant department appealed to the circuit court of Ingham county, which court determined that the assessment was valid and rendered judgment for the amount thereof, including the statutory penalty. Plaintiff appeals from the judgment of the circuit court.

Plaintiff claims exemption from the assessment of use tax under Act No. 94, § 4, subd. (g), Pub. Acts 1937, as amended by Act No. 180, Pub. Acts 1945 (Comp. Laws Supp. 1945, § 3663–44, Stat. Ann. 1947 Cum. Supp. § 7.555 [4]), which provides that the tax shall not apply to:

"(g) Property sold to a buyer for consumption or use in industrial processing or agricultural producing."

The basis of the assessment and judgment against plaintiff was that plaintiff had in use 1,725 to 1,750 water softeners rented but not sold to various patrons in the city of Jackson, mostly householders but also including some industrial users. Plaintiff purchased the softeners outside of the State, and supplied the necessary equipment upon the premises of a patron.

The procedure is that the softener apparatus is connected to a water pipe in the patron's building; "raw" water is run through the softener apparatus in contact with certain chemicals, and as a result soft water is supplied to the patron. Some matter is taken from the water; nothing is added to the

water.   Each individual apparatus is required to be taken away from the patron's building and "regenerated" at a central plant periodically.   An installation charge and a monthly rate are collected by plaintiff from his patrons.

We cannot doubt that thus softening the water is "processing" and the decision of this case depends upon the construction of the phrase "industrial processing."   Confusion seems to arise over the question whether the word "industrial" is to be considered from the standpoint of the processor or of his patron. On the part of the processor, the activity is industrial.   On the part of the residential patron, the processing is for domestic, not industrial purposes.

We note that the legislature after enacting the general *sales* tax act, Act No. 167, Pub. Acts 1933, by House Concurrent Resolution No. 98, July 18, 1933, declared its intent as follows (See *Boyer-Campbell Co.* v. *Fry,* 271 Mich. 282, 285 [98 A.L.R. 827]) :

"Resolved, that the legislative intent, in passing Act No. 167, Pub. Acts 1933, was to exclude from the provisions of the act any sale of anything used exclusively in the manufacturing, assembling, producing, preparing, or wrapping, crating, and/or otherwise preparing for delivery any tangible personal property to be sold."

In some respects the general sales tax act and the use tax act, Act No. 94, Pub. Acts 1937, have a peculiar intercorrelation; the latter act is in some respects complementary to the former.   We may consider that in passing the use tax act, the legislature had in mind the same matters contained in the above quoted concurrent resolution.   We can infer that by the words "industrial processing" in section 4 (g) in question, the legislature meant processing of commodities to condition the same for a later sale.

In the case at bar, the water, when softened, is not thereby made ready for sale, because the consumer, having water which is already metered, is to be considered as the owner thereof and after the processing he merely consumes in a different and improved form what was already his for use. This line of reasoning leads to the conclusion that the words "industrial processing" were not meant to apply to processing where there is no subsequent sale. If there were to be a subsequent sale, then it is to be supposed and expected that the State would derive a sales tax from the subsequent sale, but where there is processing where there is to be no subsequent sale and, hence, no subsequent tax, the property used in such processing is not to be exempt from the use tax. Such we consider to be the intent of the legislature.

It fairly appears from the record that the plaintiff did not make a return to the department of the property as subject to the tax and the department in the exercise of the power conferred in Act No. 94, § 10, Pub. Acts 1937 (Comp. Laws Supp. 1940, § 3663–50, Stat. Ann. 1947 Cum. Supp. § 7.555 [10]) was required to make the assessment in order to obtain the tax. It further appears from Act No. 94, § 11, Pub. Acts 1937 (Comp. Laws Supp. 1940, § 3663–51, Stat. Ann. 1947 Cum. Supp. § 7.555 [11]) that a penalty of 25 per cent. follows automatically with an assessment by the department, so that where it becomes necessary for the department to make the assessment, the penalty must necessarily follow, unless a compromise shall be effectuated under Act No. 122, § 6a, Pub. Acts 1941, as added by Act No. 190, Pub. Acts 1943 (Comp. Laws Supp. 1945, § 3695–6a, Stat. Ann. 1947 Cum. Supp § 7.657 [6a]).

The franchise fee or royalty paid by plaintiff to the manufacturer (at Chicago, Illinois) was "passed on" to the consumer and was part of the rental charge paid plaintiff by plaintiff's patrons and was

properly included as part of the basis for computing the use tax.*

It appears from the record that approximately 90 per cent. of the units in question were used for domestic purposes and approximately 10 per cent. were used to service stores, restaurants, hotels and [manufacturing] plants. We determine that the machines used for residential service were taxable. Apparently there should be a proportionate reduction of the tax in proportion with the number of softeners used in what is, under this opinion, to be treated as industrial processing, as compared to softeners used for the purposes of a domestic consumer. The case should be remanded to the circuit court for a determination as to use of units in industrial processing under the definition contained in this opinion.

Other points raised on this appeal but not raised in the trial court do not merit our consideration.

The case is remanded to the circuit court for the purpose of taking testimony and redetermining the tax in accordance with this opinion. Each party having prevailed in part, no costs are allowed.

BUSHNELL, C. J., and SHARPE, BOYLES, NORTH, DETHMERS, BUTZEL, and CARR, JJ., concurred.

* See Act No. 94, § 3, Pub. Acts 1937 (Comp. Laws Supp. 1940, § 3663–43, Stat. Ann. 1947 Cum. Supp. § 7.555[3]).—REPORTER.