## GALPERIN v. DEPARTMENT OF REVENUE.

TAXATION—INJUNCTION—SALES—PENALTIES—INTEREST—COMPROMISE.

> Department of revenue was properly enjoined from further proceedings to assess, enforce or collect any penalties or interest under sales tax act during 6¼-year period as to which it had collected entire sales tax assessed after audit of taxpayers' books and negotiated compromise agreements as ·to penalties and some interest with the co-operation of the attorney general's department, power to compromise interest and penalties being conferred upon the department of revenue as successor to powers of State board of tax administration (CL 1948, §§ 205.3, 205.13, 205.59, 205.61); per BOYLES, C. J., and REID, NORTH, and BUTZEL, JJ.; the power to compromise tax, interest and penalties, devolving upon the commissioner of revenue as successor of powers conferred upon the collection department subject to approval by the State administrative board, without diminution or restriction by the sales tax act (CL 1948, §§ 14.134, 205.3, 205.61); per DETHMERS, CARR, BUSHNELL, and SHARPE, JJ.

Appeal from Wayne; Brennan (John V.), J. Submitted January 10, 1950. (Docket No. 39, Calendar No. 44,567.) Decided May 18, 1950.

Bill by Joseph L. Galperin and others against the Department of Revenue of the State of Michigan and another to have declaratory decree finding that plaintiffs had lawfully compromised claim under

---

REFERENCES FOR POINTS IN HEADNOTES

47 Am Jur, Sales and Use Taxes, §§ 38, 41; 51 Am Jur, Taxation, §§ 967, 968, 1218 et seq.

Power to remit, release, or compromise tax claim. 99 ALR 1062.

sales tax act.    Decree for plaintiffs.    Defendants appeal.    Affirmed.

*Shapero & Shapero (Clark, Klein, Brucker & Waples,* of counsel), for plaintiffs.

*Stephen J. Roth,* Attorney General, *Edmund E. Shepherd,* Solicitor General, and *Maurice M. Moule,* Assistant Attorney General, for defendants.

BOYLES, C. J.    This is an appeal from a decree entered in the circuit court for the county of Wayne, in chancery, permanently enjoining the State department of revenue and its commissioner from taking any proceedings against the plaintiffs to enforce or collect any sales-tax penalties, or interest, for the period between January 1, 1942, and March 31, 1948. Said decree also provided that certain compromise agreements entered into by the department of revenue and plaintiffs were binding on both parties.

On April 27, 1948, a written agreement was entered into by the department of revenue and the plaintiffs, compromising a claim made by the department of revenue that the plaintiffs had underpaid the State for sales tax, and interest.    As a result of that agreement and in accordance therewith, plaintiffs paid to the department $89,534.91, representing the balance of sales tax, including interest, for the period from July 1, 1944, to October 31, 1947. In that agreement the department of revenue agreed that it would not claim any penalty either for negligent return or fraudulent return after said period beginning July 1, 1944, and such penalty was thereby waived.    It was further agreed that the department reserved the right to collect sales tax, interest and penalty for the period from January 1, 1942, to June 30, 1944.    On April 30, 1948, another similar agreement was entered into by the department and the

plaintiffs covering the period from November 1, 1947, to March 31, 1948.

During the months of May and June, 1948, the parties continued negotiations for an adjustment of the department's claims against the plaintiffs for the period prior to July 1, 1944. On July 9, 1948, the department and the plaintiffs entered into a third written agreement whereby the plaintiffs agreed to pay the actual sales tax which the department might find to be due from the plaintiffs for the period from January 1, 1942, to June 30, 1944, and the department agreed to waive all claims for penalties and interest. This agreement further provided that the proceedings for the assessment for that period be "discontinued and (that) there should be no further liability for sales tax, interest or penalties on the part of these taxpayers  *  *  *  by reason of the operation of the aforesaid businesses from 1933 up to March 31, 1948."

On July 26, 1948, counsel for the plaintiffs made final payment according to the terms of the agreement of July 9th. Under these 3 agreements plaintiffs paid the department of revenue approximately $131,000.

On October 15, 1948, notwithstanding these compromise agreements and full performance thereof by the plaintiffs and acceptance of payments by the department, defendants gave plaintiffs notice of intent to assess deficiencies aggregating $181,000 for penalties and interest; and defendants advised the plaintiffs that the attorney general had ruled that the compromise agreements were invalid as to such penalties and interest. The department claimed deficiencies for penalties and interest on all sales taxes that had been paid by plaintiffs under the settlement agreements, for the entire period from January 1, 1942, to March 31, 1948. Thereupon plaintiffs filed the instant bill of complaint to enjoin

such further proceedings, on the ground that all such claims had been validly compromised by the 3 agreements, that there was no deficiency in sales tax and therefore there could be no assessment of penalties and interest, and that defendants could not ignore the compromise agreements without placing plaintiffs *in statu quo* and returning the $131,000 paid by plaintiffs to defendants pursuant thereto. Defendants filed a cross bill claiming 100 per cent. penalties and 1 per cent. interest per month, claimed that plaintiffs were insolvent, and asked that a receiver be appointed.

The court decreed that the compromise agreements were valid *in toto,* that there was no deficiency in sales tax and, hence, no penalties or interest could be assessed, dismissed defendants' cross bill, and entered the decree enjoining the defendants from taking any further proceedings to collect interest and penalties. Defendants appeal.

Defendants concede that plaintiffs have paid the State in full for all sales taxes, and that the amounts claimed by the department as proper estimates of sales tax were accepted by plaintiffs as the proper amounts. As a part of the compromise agreements the plaintiffs waived any defenses, including their claim that part of the sales tax as claimed by the department was barred by the 3-year provision in the statute. It is a fair conclusion from the record that the plaintiffs waived any claim of defenses and that the department accepted and was paid the amount of its claims for sales tax, in compromise and satisfaction of the department's claims against the plaintiffs; and that the department waived any further claim against the plaintiffs for sales tax, interest or penalties. In the concluding compromise agreement the department agreed that there would be no further claims against the plaintiffs for sales

tax, interest or penalties by reason of plaintiffs' business operations from 1933 to 1948.

The defendants' present position is that the waiver of any further claim for penalties and interest was void. They insist that as to penalties and interest the compromise agreements were void, and that under the sales tax act the department had no authority to make such agreements. They rely on section 9 of the sales tax act,* and seek to recover a penalty of 100 per cent., plus interest, under the provision in said section that:

"If any part of the deficiency is due to a fraudulent intent to evade the tax, then there shall be added as a penalty 100 per cent. of such deficiency."

Counsel for defendants concedes that no fraud of any kind was involved in the making of the 3 compromise agreements. It is admitted that plaintiffs provided the department with their books and records and that the department completed the audit of plaintiffs' books and records prior to the final compromise agreement in which the department fixed the amount claimed by it, and which amount the plaintiffs have paid in full. Defendants concede that plaintiffs do not owe any further *sales tax.* Their only claim is for penalties and interest.

As to the sales tax, interest or penalties, the department had a doubtful claim against the plaintiffs for any deficiency prior to 3 years from the filing date of an annual return. Section 9 of the sales tax act, *supra,* on which the defendants rely, concludes:

"No deficiency, interest or penalty shall be assessed for any year after the expiration of 3 years from the date set for the filing of the annual return for such year."

---

* CL 1948, § 205.59 (Stat Ann 1947 Cum Supp § 7.530). This was prior to the amendment by PA 1949, No 272, which has no bearing on the present case.

Section 11 of said sales tax act* denies the State board of tax administration (now department of revenue)† the power or authority to cancel or diminish any part of *the specific tax* imposed by PA 1933, No 167 (sales tax act), but concludes: "With the exception of the penalties provided for in this section."

Section 6a of the department of revenue act‡ also denies the department the right to compromise or reduce *the tax liability* of anyone owing the sales tax, but likewise concludes:

"The provisions of this section shall not be construed to prevent a compromise of interest and/or penalties."

Said section 6a was construed by this Court to the effect that it does not prevent a compromise of interest or penalties, in *F. M. Sibley Lumber Co.* v. *Department of Revenue,* 311 Mich 654; *Kress* v. *Department of Revenue,* 322 Mich 590. The change made in the rule by the 1949 amendment to section 11 of the sales tax act, *supra,* was subsequent to the instant tax liability.

The 3 settlement agreements did not compromise or reduce the *sales tax*. The department fixed the amounts of the sales tax from January 1, 1942, to March 31, 1948, and the amounts were fully paid by plaintiffs. The only amounts compromised were the interest and penalties. Plaintiffs have paid the full amount of the sales tax owing the State which was demanded by the department. We do not agree with the proposition now advanced by the defendants that the plaintiffs are now liable for penalties and interest "due to a fraudulent intent to evade

---

* CL 1948, § 205.61 (Stat Ann 1947 Cum Supp § 7.532). The 1949 amendment has no bearing.

† Substituted for State board of tax administration by PA 1941, No 122. CL 1948, § 205.13 (Stat Ann 1947 Cum Supp § 7.657[13]).

‡ CL 1948, § 205.6a (Stat Ann 1947 Cum Supp § 7.657[6a]).

the tax." The compromise agreements were not a nullity in that respect.

In this case that State sales-tax collecting agency has entered into compromise agreements in which the taxpayer has waived certain doubtful rights and the State has waived any further claims against the taxpayer. There was a mutual compromise of doubtful claims, and an adjustment of asserted rights, with full knowledge, and without any evidence of fraud, mistake or unconscionable advantage. Plaintiffs were represented by competent legal counsel, and the compromise agreements were entered into by the department after an audit of the plaintiffs' books and records and with the co-operation of the attorney general's department. The Court has often held that the settlement of disputed matters and the compromise of doubtful claims is favored by the law. Efforts toward amicable settlement of disputed claims to avoid litigation meet with judicial approval. *Booth Fisheries Co.* v. *Alpena Circuit Judge,* 170 Mich 611; *Scholz* v. *Boening,* 278 Mich 76; *In re Peck's Estate,* 323 Mich 11. Nor does the law encourage a claimant to retain the money received under such circumstances and subsequently litigate for the purpose of recovering a greater sum. *Lehaney* v. *New York Life Ins. Co.,* 307 Mich 125.

To summarize, at the expense of repetition, the department here makes no claim for any further *sales tax* on the ground of fraud. The sole claim is for penalties and interest, on *sales tax* admittedly paid in full, on the sole ground of fraudulent intent to evade the tax. The State had a doubtful claim against plaintiffs both as to the amount of the sales tax itself, and as to interest or penalties. The amount of the sales tax was not compromised. The amount of interest and penalties was. While section 6a, *supra,* of the *department of revenue act,* denies to the department the right to compromise or

reduce the sales tax itself, it expressly states that such inhibition "shall not be construed to prevent a compromise of interest and/or penalties." Likewise, section 11 of the *sales tax act, supra,* while denying the right of the State board of tax administration to cancel or diminish any part of the tax itself, expressly states "with the exception of the penalties provided for in this section." The authority of the department of revenue does not necessarily stem from PA 1927, No 375, creating a collection department,* which requires State officers and departments to forward to the collection department for collection (under the supervision of the attorney general), "statements of all delinquent and past due moneys, specific taxes and accounts" and authorizes the collection department "to settle and compromise all such claims and accounts," limited, however, to not more than a 15 per cent. discount on claims over $100 except with State administrative board approval. On the contrary, section 3 of the department of revenue act, *supra,* expressly gives the commissioner of revenue "the power and authority incidental to the performance of the following acts, duties and services," among which are included the formulation of a standard procedure whereby all departments, commissions, et cetera, shall report all sums of money due and uncollected, and that "the collection of such past due items shall immediately be assumed by the department" (of revenue, not the collection department). And section 3(f) expressly provides that such procedure shall include a standard practice for receiving all State revenue receipts, "whether current, delinquent, penalty, interest, or otherwise," including "amounts   *   *   *   compromised."

---

* CL 1948, § 14.131 (Stat Ann § 3.231).

The trial court correctly held that as to the interest and penalties, the compromise agreements were not a nullity. The decree dismissing the defendants' cross bill and enjoining the defendants from further proceedings to assess, enforce or collect any penalties or interest is affirmed, with costs of this Court to appellees.

Reid, North, and Butzel, JJ., concurred with Boyles, C. J.

Dethmers, J. (*concurring*). I concur with Mr. Chief Justice Boyles in affirmance. In so doing, it is my view, however, that while section 11 of the sales tax act and section 6a of the department of revenue act may be considered to contain a recognition of the existence of certain powers of compromise, neither contains a grant of power to compromise the interest and penalties for fraud provided for in section 9 of the sales tax act, and that neither in *F. M. Sibley Lumber Co.* v. *Department of Revenue,* 311 Mich 654, nor in *Kress* v. *Department of Revenue,* 322 Mich 590, was that precise question presented nor determined by this Court. It is, further, my view that were statutory authority for the commissioner of revenue to make the compromise agreements in question lacking, no judicial disposition to look with favor upon the compromise settlement of disputed claims, or, equally, to look with disfavor upon those who would repudiate such settlements while retaining the fruits thereof could possibly serve to supply that which is wanting in the statute and thus to validate the agreements.

The tax, including penalties and interest, levied under the sales tax act is a specific tax. PA 1927, No 375, created a collection department. Section 4 of the act (CL 1948, § 14.134 [Stat Ann § 3.234]) empowered it to settle and compromise delinquent

and past due claims and accounts due the State of Michigan including, *inter alia,* specific taxes, with the approval, in cases over a certain amount, of the State administrative board. In consequence, as defendants rightly concede, prior to the adoption of the department of revenue act in 1941, it would have been competent for the collection department, with State administrative board approval, to have made the compromise settlements of interest and penalties for fraud here involved and imposed under section 9 of the sales tax act. The powers to so settle and compromise and to approve thereof were and are powers "formerly vested in any department, board * * * in connection with the taxes due to or claimed by the State * * * made payable to * * * the department" and are therefore included among those conferred upon the commissioner of revenue by section 3 of the department of revenue act (PA 1941, No 122 [CL 1948, § 205.3 (Stat Ann 1947 Cum Supp § 7.657[3])]). While section 13 of the same act catalogues the kinds of taxes which are by the act placed within the jurisdiction of the department of revenue, including the sales tax, and, to that extent, constitutes a limitation upon the powers of the department, it does not operate to limit with relation to the taxes therein mentioned the powers conferred upon the commissioner of revenue with respect to those very taxes by section 3 of the act: Likewise, the restriction imposed by section 11 of the sales tax act upon the power of the State board of tax administration to cancel or diminish any part of the specific tax imposed under that act applied only to that particular board and in nowise affected the power to compromise vested in the collection department nor the power to approve thereof reposing in the State administrative board, which powers devolved undiminished upon the commissioner of revenue by operation of the provisions of sec-

tion 3 of the department of revenue act. It therefore follows that the commissioner of revenue did have statutory authority to make the compromise agreements here involved.

CARR, BUSHNELL, and SHARPE, JJ., concurred with DETHMERS, J.