INTERNATIONAL RESEARCH & DEVELOPMENT CORP.
*v.*
DEPT. OF REVENUE

1. TAXATION—USE TAX—EXEMPTION—INDUSTRIAL PROCESSING.
   A taxpayer has a right to a sales and use tax exemption for property used or consumed in industrial processing where he performs a service which is an essential part of the process of manufacture (MCLA § 205.94).

2. TAXATION — USE TAX — EXEMPTION — INDUSTRIAL PROCESSING — TESTING.
   A corporation which was neither a wholesaler nor a retailer of products was entitled to a use and sales tax exemption as an industrial processor of rats and mice it had purchased where the rats and mice were used in its business of testing compounds furnished by manufacturers because the testing of compounds, in order to comply with food and drug laws, to protect the manufacturer from suit, and to keep the cost of insurance reasonable, is an essential part of the manufacturing process (MCLA § 205.94).

Appeal from Court of Claims, William J. Beer, J., presiding. Submitted Division 2 June 4, 1970, at Lansing. (Docket No. 8,087.) Decided June 26, 1970.

REFERENCE FOR POINTS IN HEADNOTES
[1, 2] 51 Am Jur, Taxation § 591 *et seq.*

Complaint by International Research and Development Corporation against the Department of Revenue to recover the amount of a use tax and penalty paid under protest. Summary judgment for defendant. Plaintiff appeals. Reversed.

*Troff, Lilly, Bonow, Piatt & File (Ross F. Stancati, of counsel)*, for plaintiff.

*Frank J. Kelley*, Attorney General, *Robert A. Derengoski*, Solicitor General, and *William D. Dexter* and *James B. Saunders*, Assistant Attorneys General, for defendant.

Before: LESINSKI, C. J., and QUINN and ROOD,* JJ.

ROOD, J. International Research and Development Corporation, a Michigan corporation, is engaged in the business of testing compounds for its customers, who are manufacturers. The customer furnishes the compounds which International tests in the manner desired by the customer under contract, then submits a report.

During the month of December 1964, and in January and February 1965, International, pursuant to contract, purchased quantities of rats and mice which were used in the process of testing compounds. The purchases were reported to the Department of Revenue as exempt from sales and use taxes by virtue of PA 1937, No 94, §4(g).

It is conceded that International is not a retailer or a wholesaler of any ultimate products. International does not know whether the research which it does and the tests it makes for customers are

---

* Circuit judge, sitting on the Court of Appeals by assignment.

related to any products which will be subsequently sold at retail.

An assessment dated April 12, 1965, was issued by the department for use tax of $253.30, plus a penalty of $53.85, under the provisions of the use tax act. The assessment was upheld by the State Board of Tax Appeals in an order made January 19, 1967. International filed a complaint in the Court of Claims in which it sought to recover the amount of tax penalty paid under protest. The Court of Claims granted an order for summary judgment to the Department of Treasury. A claim of appeal was filed with this Court on September 9, 1969.

The tax was enforced under § 3 of the Use Tax Act, MCLA § 205.93 (Stat Ann 1969 Cum Supp § 7.555[3]).

International claims an exempt status under §4 (g) of the Act which provides:

"The tax hereby levied shall not apply to:

"(g) Property sold to persons for use or consumption in industrial processing: Provided, That the term 'industrial processing' shall not be deemed to include tangible personal property permanently affixed and becoming a structural part of real estate."

International claims that as a contractor it is entitled to the exemption for items purchased and used in carrying on testing and experimental work for the manufacturer as a part of "industrial processing."

The department contends that research expenditures are not a part of industrial processing. It cites *Kress* v. *Department of Revenue* (1948), 322 Mich 590, 593; also *Edison* v. *Department of Revenue* (1961), 362 Mich 158, 160–162, and *Bay Bottled*

*Gas Company* v. *Department of Revenue* (1955), 344 Mich 326.

In the *Kress* case, the plaintiff rented a large number of water softeners to patrons in the city of Jackson. Ninety per cent of the patrons were residential users, the remaining users were industrial. The Court says that the softening of water is a process, but points out that the question as to whether it is an industrial process depends upon the purpose for which used by the "patron". The Court says on p 593, "We can infer that by the words 'industrial processing' in section 4(g) in question, the legislature meant processing commodities to condition the same for a later sale."

The *Kress* case, we believe, holds that the right to an exemption should not be decided upon what type of business the taxpayer is engaged in, but rather upon what use his patron or customer makes of the product which the taxpayer sells.

The case of *Edison* v. *Department of Revenue, supra,* makes a like holding. The decision rests upon a finding that the processing by the plaintiff was not done on a product for later sale. The Court says on p 161, "The processing referred to in the act, however, held the court, citing an earlier case, was the preparation of 'raw material * * * for the market.' "

If the foregoing cases were the only interpretation made by our Supreme Court, we would have no hesitation to adopt the reasoning of the department that the exemption can only be granted to persons who actually do work on a product to process it industrially into marketable form for later sale.

The Supreme Court, however, has ruled on this question since the cases reviewed above in the case of *Minnaert* v. *Department of Revenue* (1962), 366 Mich 117. In this case plaintiff was a contractor,

not a manufacturer, who contracted his services to
White Pine Copper Company on a continuing basis
to construct, heighten, enlarge, and compact White
Pine's dam and pond as well as a new dam and
pond being constructed. Minnaert acquired heavy
earth-moving equipment such as bulldozers and
earth movers. It was proposed to tax the use of
such property. This case holds that such property
is exempt as part of the industrial processing of
copper. This case does not hold that the plaintiff
was required to show that he worked directly on a
product to process it industrially into marketable
form for later sale. The case does hold that a con-
tractor is entitled to an exemption and that the
manufacturer White Pine found it essential to have
the services of Minnaert in constructing dams in
order to carry on its manufacturing processes. The
Court says on p 123:

"The attorney general refers to *Edison* v. *De-
partment of Revenue* (1961), 362 Mich 158; *Bay
Bottled Gas Company* v. *Department of Revenue,
supra; Kress* v. *Department of Revenue* (1948), 322
Mich 590; and *Michigan Allied Dairy Ass'n* v. *State
Board of Tax Administration* (1942), 302 Mich 643,
and says that plaintiff 'performs a service' only for
White Pine and therefore is not entitled to exemp-
tion as doing a part of White Pine's industrial
process. For reasons appearing above, we cannot
agree with such contention. If any one of the cited
cases has pertinence, it would have to be that of
the analogy shown in the *Dairy Association Case.*
There it was held that milk cans, used necessarily to
cool milk prior to sale, came within the then exemp-
tive 'industrial processing' provision of the sales
and use tax statutes. Here it is necessary to dis-
pose of tailings as a condition to manufacture of
copper for sale."

On p 124, the Court says, "He does use it in the performance of a contract for the doing of an essential part of White Pine's process of manufacture".

The foregoing seems to us to define a different test of what constitutes "industrial processing".

A realistic approach to the issue in this case requires that it be recognized that the manufacturer today must test his products, especially if these products are drugs or other potentially dangerous products. This must be done in order to comply with the Pure Food and Drug Act as well as to protect the manufacturer from possible suit in a product liability case. It is also necessary in order to keep the cost of insurance within reasonable bounds. It would seem that the tests that plaintiff is performing are "an essential part of the process of manufacture".

It further appears that the cost of the tests made by plaintiff will be added to the cost which will determine the price at which the final product will be sold. Since the intent of the exemption is admittedly to avoid pyramiding the use and sales tax, the only way to avoid this result is to recognize plaintiff's claim to the exemption.

The contention of the plaintiff regarding the unconstitutionality of the application of the law under the equal protection clause of the constitution is not passed upon in view of our holding herein.

The holding of the Court of Claims is reversed. Plaintiff shall have judgment for the taxes paid under protest as well as a return of the security deposited with the State Board of Tax Appeals. No costs, a public question being involved.

All concurred.