Lois Marie **MUELLER**, Respondent,

v.

Kari Martha **SIGMOND**,
et al., Appellants.

No. C9–91–2552.

Court of Appeals of Minnesota.

July 14, 1992.

Review Denied Aug. 27, 1992.

Owen L. Sorenson, Bradley D. Hauswirth, Stringer & Rohleder, Ltd., St. Paul, for respondent.

James F. Dunn, James F. Dunn & Assoc., P.A., St. Paul, for appellants.

Considered and decided by HARTEN, P.J., and RANDALL and SCHULTZ,* JJ.

## OPINION

HARTEN, Judge.

The trial court granted respondent Lois Marie Mueller's motion in limine to exclude evidence of her blood alcohol concentration at the time of a car collision. The jury found that appellant Kari Martha Sigmond's failure to yield at a stop sign caused the accident. The jury awarded damages. Sigmond appeals exclusion of the blood alcohol concentration evidence, denial of a curative instruction during closing argument, an award of future damages, and denial of a new trial. We affirm.

## FACTS

At 9:30 p.m. on September 22, 1988, Mueller was driving north on Highway No.

---

* Retired judge of the district court, acting as judge of the Court of Appeals by appointment pursuant to Minn. Const. art. VI, § 2.

95 in Cottage Grove at 55 m.p.h. At the same time, Sigmond was proceeding east on 70th Street at 50 m.p.h. At the intersection of the two roads, Sigmond failed to stop at a stop sign and was struck by Mueller. Sigmond was cited for failure to yield.

Mueller's right knee was shattered in the accident. She commenced this action against Sigmond. The trial court granted Mueller's motion in limine to exclude evidence that she had been drinking that evening and had a blood alcohol concentration of .076 immediately after the accident. Although finding both parties negligent, the jury determined that Sigmond's negligence caused the accident and awarded Mueller $154,000 damages. After calculating collateral source deductions and prejudgment interest, the trial court entered judgment for $142,000.

The trial court denied Mueller's motions for JNOV and a new trial. Sigmond appeals, arguing that evidence of Mueller's blood alcohol concentration should have been admitted, testimony regarding future medical expense should have been excluded, and prejudicial error occurred when the trial court failed to give a curative instruction for an improper comment during closing argument.

## ISSUES

1. Did the trial court err in excluding evidence of Mueller's blood alcohol concentration?

2. Did the trial court err in failing to issue a curative instruction for Mueller's improper comment during closing argument?

3. Did the trial court err in allowing the jury to consider evidence of future medical costs?

4. Was the award of damages excessive?

## ANALYSIS

■ We review a denial of a new trial for abuse of discretion. *Jack Frost, Inc. v.*
*Engineered Bldg. Components Co.*, 304 N.W.2d 346, 352 (Minn.1981). Evidence is viewed in the light most favorable to the verdict. *Kugling v. Williamson*, 231 Minn. 135, 142, 42 N.W.2d 534, 539 (1950).

■ 1. Sigmond argues that the trial court's exclusion of Mueller's blood alcohol concentration was error. Minn.Stat. § 169.121, subd. 2(b) (1990) provides that evidence of an alcohol concentration of between .05 and .10 is relevant in determining guilt for driving while under the influence of alcohol. Sigmond argues that evidence of an alcohol concentration in this range is therefore presumptively relevant in a civil action for damages. We disagree.

■ Under the statute, such evidence is relevant only in "the trial of any *prosecution*" for driving under the influence. Minn.Stat. § 169.121, subd. 2 (emphasis added). Additionally, in civil actions, violation of chapter 169 "is not negligence per se" but is "prima facie evidence of negligence only." Minn.Stat. § 169.96 (1990). Absent additional evidence that Mueller was driving while intoxicated, her .076 blood alcohol concentration is not a "violation." Although the underlying blood alcohol concentration evidence may be relevant, even probative, in an action for negligence, subdivision 2(b) does not create a presumption of relevance in such a civil case unless a violation is shown.

The trial court found the blood alcohol concentration evidence "more prejudicial than probative." *See* Minn.R.Evid. 403; *Nhep v. Roisen*, 446 N.W.2d 425, 427 (Minn.App.1989) (evidence of rear-ending driver's intoxication only "slightly probative" for impeachment value), *pet. for rev. denied* (Minn. Dec. 1, 1989). Such exclusion is within the trial court's discretion and will be not reversed unless "clearly erroneous". *Id.* Had Sigmond shown that Mueller's drinking "contributed to cause" the accident, the probatory nature of the evidence would not have been substantially outweighed by the risk of prejudice, and

would have been admissible. *See, e.g., Hastings v. United Pac. Ins. Co.,* 396 N.W.2d 682, 684 (Minn.App.1986) (summary judgment proper where there was no evidence that driver's intoxication caused accident).

The evidence here showed that Sigmond ran the stop sign and Mueller had virtually no time to react. A witness in a car following Mueller stated in an affidavit in the pre-trial motion that Mueller was driving properly, Sigmond failed to slow or stop, and although Mueller attempted to brake and steer to the right, the collision was unavoidable. The trial court's decision to exclude the alcohol evidence was not clearly erroneous.

■ 2. Sigmond argues that the trial court erred in failing to issue a curative instruction for an improper comment during final argument. During closing argument Mueller's attorney stated:

> Think, for example, what an injury like this would mean to Michael Jordan * * * or yourself * * * or anyone else that you know, how it would take them out of the game of life that they're in.

Sigmond objected, approached the bench, and requested a curative instruction. The trial judge acknowledged:

> I agree that the argument probably did cross the line of that which is permissible, however I don't know that it's necessary to have a curative instruction under the circumstances, based on my instructions on the issue of damages.

Tempting jurors to place themselves in the position of plaintiff, the so-called "golden rule" argument, is improper because it may subvert the jurors' objectivity. *See, e.g., Omlid v. Lee,* 391 N.W.2d 62, 65 (Minn.App.1986) (not proper to ask jury for what amount they would sell their sense of smell or sight).

When an objection is made and the trial court issues a curative instruction, a new trial is unnecessary unless the misconduct is "extremely prejudicial." *Id.* Issuance of a cautionary instruction is discretionary and should not be reversed unless the misconduct is "so prejudicial that it would be a miscarriage of justice to permit the result to stand." *Robinson v. Mack Trucks, Inc.,* 426 N.W.2d 220, 227 (Minn.App.1988), *pet. for rev. denied* (Minn. Sept. 28, 1988).

Although the trial court refused Sigmond's request for an immediate curative instruction, he later instructed the jury to "do your duty as jurors regardless of any personal likes or dislikes, opinions, prejudices or sympathy." In these circumstances, the instruction was sufficient to remove any possible prejudice. The trial court's decision was a permissible exercise of discretion because Mueller's comment was not "so prejudicial" as to cause a "miscarriage of justice." *Id.*

■ 3. Sigmond argues that the trial court erred in allowing the jury to consider evidence of Mueller's future medical expenses. The jury awarded Mueller $16,000 in future medical expenses. A party is entitled to a future damages instruction if "she has shown that such damage is more likely to occur than not." *Pietrzak v. Eggen,* 295 N.W.2d 504, 507 (Minn.1980). Recovery should not be allowed for damages which are "remote, speculative, or conjectural." *Id.*

The video deposition of Mueller's physician, Dr. Engelking, was presented at trial. He opined that it is "very likely" and "reasonably certain" that Mueller will need future arthroscopic surgery. The total cost for such a procedure is $3,000.

Dr. Engelking also testified that it is "very possible" Mueller will need a future knee replacement, presently a $10,000 to $12,000 operation. He also testified that Mueller will "likely" require examination, anti-inflammatory drugs, and cortisone injections. Dr. Engelking's testimony was sufficient to satisfy the "more likely than not" standard; it was not error to submit the issue of future damages to the jury.

■ 4. Sigmond argues that the verdict was excessive. A "decision to set aside a verdict as being excessive is generally left to the discretion of the trial court." *Omlid,* 391 N.W.2d at 64. In considering the size of the verdict, relevant factors include

future and past pain, permanent disability, and "inability to follow one's usual occupation." *Id.*

Both parties' experts agreed that Mueller has a 20% permanent partial disability of her leg. Mueller lost $11,000 in wages during recovery. She underwent a partial patellectomy and arthroscopic surgery. She continues to experience constant pain, "scraping" in her knee, and will need future medical care and surgery. The award is "within the bounds of the highest sustainable award under the evidence." *McPherson v. Buege,* 360 N.W.2d 344, 347 (Minn.App.1984). The trial court did not abuse its discretion in refusing to set aside the verdict.

## DECISION

The trial court did not abuse its discretion in excluding blood alcohol concentration evidence and in denying an immediate curative instruction. Evidence of future damages was properly submitted to the jury and the verdict was not excessive.

Affirmed.