202 Mich. App. 342 (1993)
508 N.W.2d 178
BECKMAN PRODUCTION SERVICES, INC
v.
DEPARTMENT OF TREASURY
Docket No. 131200.
Michigan Court of Appeals.
Submitted January 6, 1993, at Lansing.
Decided November 1, 1993, at 10:00 A.M.
Schwendener & Valade, P.C. (by Benjamin O. *343 Schwendener, Jr., Alan M. Valade, and David R. Brinks), for the plaintiff.
Frank J. Kelley, Attorney General, Thomas L. Casey, Solicitor General, and Russell E. Prins and Ross H. Bishop, Assistant Attorneys General, for the defendant.
Before: MURPHY, P.J., and MICHAEL J. KELLY and WAHLS, JJ.
MURPHY, P.J.
Plaintiff appeals from the order of the Court of Claims granting defendant's request for dismissal pursuant to MCR 2.116(C)(10) and MCR 2.116(I)(2) of plaintiff's challenge to a use tax assessment. We affirm.
Plaintiff provides oil and gas extraction services to owners and operators of oil and gas wells in mid-Michigan. One service that plaintiff provides is the removal of sediment that inhibits the flow of oil or gas in well tubing and piping. For the period of November 1978 through March 1982, plaintiff was assessed use taxes on equipment and vehicles that plaintiff purchased to perform this service. Plaintiff paid the assessed taxes, but protested to defendant that the equipment used in its oil and gas production services was exempt from taxation under the "industrial processing" exemption to the Use Tax Act, MCL 205.94(g); MSA 7.555(4)(g). Plaintiff therefore sought a refund of a portion of the use taxes from defendant in the amount of $67,655. Defendant denied plaintiff's request for a refund and plaintiff filed its complaint in the Court of Claims, which subsequently dismissed the action pursuant to defendant's request.
Plaintiff contends that the Court of Claims erred in holding that the industrial processing exemption of MCL 205.94(g); MSA 7.555(4)(g) does not *344 apply to equipment and vehicles purchased by plaintiff for the purpose of cleaning and unclogging the wells of oil and gas producers. We conclude that the Court of Claims accurately interpreted the exemption provided by MCL 205.94(g); MSA 7.555(4)(g) at the time applicable to this case.
In Michigan, a four percent use tax is imposed upon the use, storage, or consumption of tangible personal property. MCL 205.93; MSA 7.555(3). At the time relevant to this case, MCL 205.94(g); MSA 7.555(4)(g) exempted from use taxation property sold to a person for use or consumption in industrial processing. Earlier cases construing this section broadly defined the term "industrial processing" for purposes of the exemption to permit any person to take advantage of the exemption if the person provided a service essential to the industrial process of a manufacturer or a producer. See Minnaert v Dep't of Revenue, 366 Mich 117; 113 NW2d 868 (1962); Int'l Research & Development Corp v Dep't of Revenue, 25 Mich App 8, 12-13; 181 NW2d 53 (1970). The amendment of this section by 1970 PA 15 more narrowly defined the term, however, to explicitly exclude "services performed upon property owned by others where the services do not transform, alter, or modify the property so as to place it in a different form, composition or character." The amendment did not make an exception for those services that are "absolutely essential" to the industrial process of a manufacturer or producer.
Our goal when interpreting a statute is to discern and give effect to the intent of the Legislature. Great Lakes Sales, Inc v State Tax Comm, 194 Mich App 271, 275; 486 NW2d 367 (1992). We presume that the Legislature intended the meaning that it plainly expressed in the statute. Frasier v Model Coverall Service, Inc, 182 Mich App 741, *345 744; 453 NW2d 301 (1990). We also presume that a change in a statutory phrase reflects a change in meaning. In re Childress Trust, 194 Mich App 319, 326; 486 NW2d 141 (1992). Further, if the meaning of the statutory language is clear, then judicial construction of the language is not necessary or permitted. Lorencz v Ford Motor Co, 439 Mich 370, 376; 483 NW2d 844 (1992). When amending the statutory language of section 4(g), the Legislature had the opportunity to follow the courts' previous definition of "industrial processing" and did not do so, choosing instead to more narrowly define the term. We can only conclude that this was a conscious choice by the Legislature. Therefore, as the Court of Claims reasoned in its opinion, it is no longer pertinent that plaintiff can prove that its services are essential to the industrial process of its customers. Rather plaintiff must prove that its services transform, alter, or modify the property so as to place it in a different form, composition, or character.
Plaintiff, as the party asserting the right to a tax exemption, had the burden of proving entitlement to that exemption. Edison v Dep't of Revenue, 362 Mich 158, 162; 106 NW2d 802 (1961); Tercheck v Dep't of Treasury, 171 Mich App 508, 510; 431 NW2d 208 (1988). Tax exemption statutes are strictly construed in favor of the government. Great Lakes Sales, Inc, supra, 276. In this case, plaintiff failed to prove that the use of its equipment to clean and unclog oil wells is a service that transforms, alters, or modifies the property so as to place it in a different form, composition, or character.
With respect to the holding of the Court of Claims that the exemption does not apply to plaintiff's vehicles, plaintiff, in its brief on appeal, clarifies that it did not allege before the Court of *346 Claims that the mobile equipment being taxed was exempt merely because it was not licensed and titled for use on the public highways, but that the equipment was exempt by virtue of being used in industrial processing. As discussed above, however, plaintiff failed to prove that its equipment is used in industrial processing. We also find no merit to plaintiff's equal protection challenge to the application of the exemption.
Affirmed.
MICHAEL J. KELLY, J., concurred.
WAHLS, J. (dissenting).
I respectfully dissent. I believe that, under the clear language of MCL 205.94(g); MSA 7.555(4)(g), the service plaintiff performs with its equipment "transform[s], alter[s], or modif[ies] the property so as to place it in a different ... character." Id. Words and phrases in a statute are to be given their plain and ordinary meaning. Panich v Iron Wood Products Corp, 179 Mich App 136, 141; 445 NW2d 795 (1989). Dictionary definitions may be helpful in construing statutory language according to its common and approved usage. K mart Corp v Dep't of State, 127 Mich App 390, 395; 339 NW2d 32 (1983). "Character" is defined as "the combination of qualities or features that distinguishes one ... thing from another." The American Heritage Dictionary of the English Language (1973).
In the present case, sediment deposits in the piping owned by plaintiff's customers are not parts of the piping itself. However, the definition of character is broad and includes distinguishing "qualities." Here, two pieces of pipe that differ only in the presence of sediment in one have distinctive qualities, the clean pipe being, for example, *347 more efficient in transporting oil or maintaining its purity. Plaintiff's service transforms, alters, or modifies the character of its customers' property. I would reverse.