COWEN v DEPARTMENT OF TREASURY

Docket No. 147737. Submitted January 12, 1994, at Grand Rapids.
Decided April 4, 1994, at 9:30 A.M. Leave to appeal sought.

Michael T. Cowen appealed to the Tax Tribunal penalty and
interest assessments levied by the Department of Treasury
arising out of his single business tax returns for 1982 through
1986, following the denial of his petition for a refund of the
single business taxes he had paid for those years. The peti-
tioner claimed that because the single business tax liability
arose out of his interests in oil- and gas-producing properties in
Michigan and because he had paid severance taxes with respect
to those interests, there should be no single business tax
liability arising out of his ownership of those interests because
of the exemption contained in § 15 of the severance tax act,
MCL 205.315; MSA 7.365, and he was entitled to a refund of
his single business tax payments. The Tax Tribunal denied the
claim for a refund, affirmed the penalty and interest assess-
ment, and held that the exemption of § 15 that the payment of
the severance tax shall be in lieu of all other taxes on the
values created by oil and gas interests exempted the petitioner
from the payment of ad valorem property taxes on those
interests, but did not exempt him from payment of single
business taxes arising out of those interests. The petitioner
appealed.

The Court of Appeals *held:*

*Bauer v Dep't of Treasury,* 203 Mich App 97 (1993), which is
binding authority under Administrative Order No. 1990-6 as
extended by Administrative Order No. 1994-3, interpreted the
language of § 15 that the severance tax is "in lieu of all other
taxes" as being clear and unambiguous and held that persons
paying the severance tax cannot be subjected to other taxes
arising out of the oil and gas interests. Accordingly, the peti-
tioner is entitled to a refund of the single business taxes he
paid as a result of his ownership interests in the oil and gas
properties.

Reversed and remanded.

REFERENCES

Am Jur 2d, State and Local Taxation §§ 219, 350, 614.
See ALR Index under Taxes.

GRIFFIN, J., concurring, stated that despite the majority's statements to the contrary, *Bauer* was decided correctly.

TAXATION — SINGLE BUSINESS TAX — OIL AND GAS INTERESTS — SEVERANCE TAX.

Payment of severance taxes with respect to oil and gas interests relieves the payer of such taxes from the obligation to pay single business taxes arising out of the ownership of the oil and gas interests (MCL 205.315, 208.1 *et seq.*; MSA 7.365, 7.558[1] *et seq.*).

*Rhoades, McKee, Boer, Goodrich & Titta* (by *Edward B. Goodrich* and *Peter A. Titta*), for the petitioner.

*Frank J. Kelley,* Attorney General, *Thomas L. Casey,* Solicitor General, and *Russell E. Prins* and *Steven D. Hughey,* Assistant Attorneys General, for the respondent.

Before: MURPHY, P.J., and GRIFFIN and S. J. LATREILLE,* JJ.

MURPHY, P.J. Petitioner appeals as of right the decision of the Michigan Tax Tribunal in favor of respondent. The Tax Tribunal denied petitioner's claim that the exemption in the severance tax act, MCL 205.315; MSA 7.365, entitled petitioner to a refund of the payments made under the Single Business Tax Act, MCL 208.1 *et seq.*; MSA 7.558(1) *et seq.* The Tax Tribunal also affirmed respondent's assessment of penalties and interest for underpayment and late filing of petitioner's single business tax liability for 1985 and 1986. We reverse the Tax Tribunal's decision only because we are required to follow *Bauer v Dep't of Treasury,* 203 Mich App 97; 512 NW2d 42 (1993), pursuant to Administrative Order No. 1990-6, as extended by Administrative Order No. 1994-3.

* Circuit judge, sitting on the Court of Appeals by assignment.

The parties do not dispute the facts in this case. Petitioner is an individual oil producer, who owns a number of working interests in oil- and gas-producing properties in Michigan. In June 1986, under the state's amnesty program, petitioner filed single business tax returns for the tax years of 1982, 1983, and 1984. In September 1986, petitioner filed a single business tax return for the 1985 tax year. In April 1987, petitioner filed a single business tax return for 1986. Petitioner declared and paid a total single business tax liability of $35,665 for the tax years of 1982 through 1986.

On August 3, 1987, respondent issued a notice of intent to assess, which notified petitioner of respondent's intent to assess penalty and interest for underpayment of estimates and for late filing of the 1985 single business tax returns. Petitioner requested a conference and a refund of all the amounts he had paid under the single business tax.

On February 29, 1990, respondent issued another notice of intent to assess, which informed petitioner that respondent intended to assess a penalty against petitioner for failure to file and make estimated single business tax returns for 1986. Again, petitioner requested a conference.

A conference was held in 1988. The referee recommended that petitioner's claim for a refund be denied and that respondent's notices of intent be finalized. Respondent accepted the referee's recommendations and issued final assessments against petitioner.

Petitioner appealed to the Tax Tribunal, which concluded that payment of a severance tax under MCL 205.315; MSA 7.365 does not exempt petitioner from the single business tax. Instead, the Tax Tribunal determined that MCL 205.315; MSA

7.365 exempts petitioner only from ad valorem property taxes. Therefore, the Tax Tribunal denied petitioner's claim for a refund of all sums paid under the single business tax, and it affirmed the assessments against petitioner.

We are asked to determine whether the severance tax exemption language, provided under MCL 205.315; MSA 7.365, exempts a producer from paying the single business tax imposed under MCL 208.1 *et seq.*; MSA 7.558(1) *et seq.* When fraud is not alleged, appellate review of a Tax Tribunal decision is limited to determining whether the tribunal made an error of law or adopted a wrong principle. *Meadowlanes Ltd Dividend Housing Ass'n v Holland,* 437 Mich 473, 482-483; 473 NW2d 636 (1991).

Tax exemption statutes are strictly construed in favor of the government. *Beckman Production Services, Inc v Dep't of Treasury,* 202 Mich App 342, 345; 508 NW2d 178 (1993). Nevertheless, exemption statutes are interpreted according to ordinary rules of statutory construction. *ADVO-Systems, Inc v Dep't of Treasury,* 186 Mich App 419, 423; 465 NW2d 349 (1990).

When the meaning of a statute is clear and unambiguous, judicial construction of the language is not necessary or permitted. *Lorencz v Ford Motor Co,* 439 Mich 370, 376; 483 NW2d 844 (1992). This Court presumes the Legislature intended the meaning it plainly expressed in the statute. *Beckman, supra,* 344. Judicial construction is permitted, however, where the language of a statute is unclear and susceptible to more than one interpretation. *Victorson v Dep't of Treasury,* 439 Mich 131, 138; 482 NW2d 685 (1992). If construction is necessary, then our goal is to discern and give effect to the intent of the Legislature. *Id.* This Court may determine legislative intent by

considering the language and the general scope the statute seeks to accomplish or the evil it seeks to remedy. *Id.* Moreover, we will not extend the scope of tax laws by implication or forced construction. *Dep't of Treasury v Comerica Bank,* 201 Mich App 318, 323; 506 NW2d 283 (1993).

The severance tax act went into effect in 1929. Its title describes the act as:

> An Act levying a specific tax to be known as the severance tax upon all producers engaged in the business of severing oil and gas from the soil; . . . and to exempt those paying such specific tax from certain other taxes.

This tax "appears to be an excise tax in the nature of payment for the privilege of taking gas and oil from the earth—not a corporation or franchise tax which is levied for the privilege of acquiring and retaining corporate powers." Gross, *Michigan's Legislation Governing Oil and Natural Gas,* 10 Mich B J 193, 195 (1931).

The single business tax, which went into effect in 1976, is a value added tax. *Trinova Corp v Dep't of Treasury,* 433 Mich 141, 149; 445 NW2d 428 (1989). The term "value added" has been defined as "the increase in the value of goods and services brought about by whatever a business does to them between the time of purchase and the time of sale." *Id.,* quoting Haughey, *The economic logic of the single business tax,* 22 Wayne L R 1017, 1018 (1976). The intended effect of the single business tax is to impose a tax upon the privilege of conducting business activity within the state. *Id.* The single business tax is not a tax upon income. *Id.; Gillette Co v Dep't of Treasury,* 198 Mich App 303, 309; 497 NW2d 595 (1993).

The resolution of this case turns upon the lan-

guage of § 15 of the severance tax act, MCL
205.315; MSA 7.365, which provides:

> *The severance tax herein provided for shall be
> in lieu of all other taxes, state or local, upon the
> oil or gas, the property rights attached thereto or
> inherent therein, or the values created thereby;*
> upon all leases or the rights to develop and oper-
> ate any lands of this state for oil or gas, the values
> created thereby and the property rights attached
> to or inherent therein: Provided, however, Nothing
> herein contained shall in anywise exempt the
> machinery, appliances, pipe lines, tanks and other
> equipment used in the development or operation of
> said leases, or used to transmit or transport the
> said oil or gas: And provided further, That nothing
> herein contained shall in anywise relieve any cor-
> poration or association from the payment of any
> franchise or privilege taxes required by the provi-
> sions of the state corporation laws. [Emphasis
> added.]

In *Bauer, supra,* this Court recently interpreted
this provision and determined that an individual
who pays severance tax on royalties received on an
oil and gas lease is exempt from paying income
taxes on those royalties. The *Bauer* panel first
focused on the portion of § 15 that states, "[t]he
severance tax herein provided for shall be in lieu
of all other taxes, state or local, upon . . . the
values created." The Court found the statement to
be clear and unambiguous. In order to follow the
plain meaning of the phrase "in lieu of all other
taxes," the Court concluded that § 15 exempted
the petitioners from paying income tax on their
royalty interests.

Pursuant to Administrative Order No. 1990-6 as
extended, we are constrained to follow the *Bauer*
interpretation of § 15 that the severance tax is in
lieu of all other taxes. If it were not for the

binding effect of *Bauer,* we would conclude that the statement "in lieu of all other taxes," is not clear and unambiguous because it is modified by the clauses that follow the statement. We read § 15 as providing that the severance tax is in lieu of all other taxes (1) upon the oil and gas, the property rights attached thereto, or the values created thereby and (2) upon the leases or rights to develop lands for oil or gas, the values created thereby and the property rights attached thereto. In this case, the relevant question is whether the single business tax is a tax upon the "values created" by the oil and gas. We find the term "values created" to be unclear and susceptible to more than one interpretation. The Tax Tribunal construed the statute and determined that the exemption applied only to ad valorem property taxes. In order to review the Tax Tribunal's decision, we must also construe § 15. However, construction of the statute would be improper in light of the precedent set by *Bauer,* which found the statute to be clear and unambiguous. Because we are required to follow *Bauer,* we reverse and remand for entry of an appropriate order in accordance with this opinion.

Reversed and remanded. We do not retain jurisdiction.

S. J. LATREILLE, J., concurred.

GRIFFIN, J. *(concurring).* I join with the majority in reversing the decision of the Tax Tribunal. The language of the statute is clear and unambiguous, thereby precluding judicial construction. *Lorencz v Ford Motor Co,* 439 Mich 370, 376; 486 NW2d 844 (1992). I follow *Bauer v Dep't of Treasury,* 203 Mich App 97; 512 NW2d 42 (1993), not because I am compelled to do so, but because *Bauer* was correctly decided.