MICHIGAN AUTOMOTIVE RESEARCH CORPORATION v DEPARTMENT
OF TREASURY (AFTER REMAND)

Docket No. 184497. Submitted September 10, 1996, at Detroit. Decided
March 11, 1997, at 9:05 A.M. Leave to appeal sought.

Michigan Automotive Research Corporation, which tests engines,
powertrains, and transmissions of its customers, manufacturers of
automobiles, petitioned the Tax Tribunal, challenging a use tax
assessment the Department of Treasury issued with regard to the
petitioner's operations. The Tax Tribunal ruled that the petitioner
was involved in industrial processing and was exempt from a use
tax under MCL 205.94(g); MSA 7.555(4)(g). In an unpublished opin-
ion per curiam, issued February 14, 1994 (Docket No. 137368), the
Court of Appeals, CAVANAGH and JANSEN, JJ. (WHITE, P.J., dissenting
in part), reversed the judgment of the Tax Tribunal and held that
the petitioner did not qualify for the industrial processing exemp-
tion. The Supreme Court, in lieu of granting leave to appeal,
remanded the matter to the Tax Tribunal for a determination, as
advocated in Judge White's dissent, whether the petitioner qualified
for an exemption on the basis that the engines were altered to the
extent that their form or character was changed. 447 Mich 1005
(1994). On remand, the Tax Tribunal found that the petitioner did
not qualify for the industrial processing exemption because it did
not transform, alter, or modify the property used as required by the
statute. The petitioner appealed.

After remand, the Court of Appeals *held*:

The test for determining whether the industrial processing
exemption applied to the petitioner at the time relevant to this mat-
ter is whether the petitioner performed services that transformed,
altered, or modified the property so as to place it in a different
form, composition, or character. Application of the statutory test
properly includes consideration of whether the property was used
in a retail sale. An "industrial processor" means a person who
transforms, alters, or modifies tangible personal property by chang-
ing the form, composition, or character of the property for ultimate
sale at retail or sale to another industrial processor to be further
processed for ultimate sale at retail. The petitioner was unable to
meet this test.

Affirmed.

1. STATUTES — CHANGES IN LANGUAGE.

Changes in statutory language, although generally presumed to reflect a change in meaning, may reflect an attempt to clarify the meaning of a provision rather than change it.

2. TAXATION — USE TAX ACT — EXEMPTIONS — INDUSTRIAL PROCESSING.

The amendment of MCL 205.94; MSA 7.555(4) by 1970 PA 15 was intended to more narrowly define industrial processing exempt from the use tax to exclude from the exemption services performed upon property owned by others where the services do not transform, alter, or modify the property so as to place it in a different form, composition, or character; the amendment of the statute by 1987 PA 141, which incorporated the phrase "for ultimate sale at retail" into the provision, evidences a legislative attempt to clarify the statute to reiterate what before the 1970 amendment had been accepted as a requirement to qualify for the exemption; application of the test for the exclusion properly includes consideration of whether the property was used in a retail sale.

*Miller, Canfield, Paddock and Stone, P.L.C.* (by *Robert F. Rhoades*), for the petitioner.

*Frank J. Kelley*, Attorney General, *Thomas L. Casey*, Solicitor General, and *Michael R. Bell*, Assistant Attorney General, for the respondent.

AFTER REMAND

Before: HOEKSTRA, P.J., and MARILYN KELLY and J. B. SULLIVAN*, JJ.

PER CURIAM. Petitioner appeals as of right a judgment of the Michigan Tax Tribunal (MTT) affirming a use tax assessment, which was made pursuant to an order of remand from our Supreme Court, 447 Mich 1005 (1994). We affirm.

---

* Former Court of Appeals judge, sitting on the Court of Appeals by assignment.

Petitioner is involved in the testing of engines, powertrains, and transmissions owned by its customers, who manufacture automobiles.[1] This case began when petitioner was assessed over $44,000 as a use tax for the taxable period March 1, 1981, through December 31, 1983. Petitioner appealed to the MTT, and the MTT ruled that petitioner was involved in industrial processing and was exempt from a use tax under MCL 205.94(g); MSA 7.555(4)(g). The bases for the MTT's ruling were findings that the services were an essential part of the manufacturing process, the engines tested exhibited wear and tear, and the services resulted in the transformation of the engines sold at retail. The MTT did not determine whether the services transformed, altered, or modified the property used so as to place it in a different form, composition, or character in conformity with the test contained in MCL 205.94(g); MSA 7.555(4)(g).

Respondent then appealed the decision of the MTT as of right. In an unpublished opinion per curiam of the Court of Appeals, issued February 14, 1994 (Docket No. 137368), two judges of this Court reversed the judgment of the MTT and held that petitioner's services did not qualify for the industrial processing exemption on the basis of the statutory test contained in MCL 205.94(g); MSA 7.555(4)(g). The third judge dissented in part after concluding that the record could have supported a finding that the tested engines were altered to the extent that their form or character was changed. The dissenting judge advocated remanding the case to the MTT for a determina-

---

[1] The record also indicates that petitioner may have done testing work for oil manufacturers.

tion whether petitioner qualified for the exemption on that basis.

Petitioner then sought leave to appeal to the Supreme Court, which, in lieu of granting leave to appeal, remanded the case to the MTT for the reasons stated by the dissenting Court of Appeals judge. On remand, the MTT found that petitioner did not qualify for the industrial processing exemption because it did not transform, alter, or modify the property used as required by the statute. It is from this determination that petitioner now appeals.

The industrial processing exemption to the use tax in effect during the periods at issue in this appeal read as follows:

> The tax levied shall not apply to:
>
> (g) Property sold to a person for use or consumption in industrial processing. Industrial processing shall not include . . . services performed upon property owned by another where the services do not transform, alter, or modify the property so as to place it in a different form, composition, or character . . . . [MCL 205.94; MSA 7.555(4)].

Thus, the statutory test for determining whether the industrial processing exemption applies is whether the petitioner performs services that transform, alter, or modify the property so as to place it in a different form, composition, or character. We agree with the MTT that petitioner was unable to meet this test.

In reviewing decisions of the MTT, this Court is limited to determining whether the tribunal's findings are supported by competent, material, and substantial evidence. *Canterbury Health Care, Inc v Dep't of Treasury*, 220 Mich App 23; 558 NW2d 444 (1996). In

the absence of fraud, this Court reviews whether the MTT made an error of law or adopted an incorrect legal principle. *Id.* Additionally, petitioner asserts that the MTT incorrectly interpreted the Use Tax Act. Statutory interpretation is a question of law subject to review de novo. *Id.* The primary goal of judicial interpretation of statutes is to ascertain and give effect to the intent of the Legislature, *Int'l Business Machines v Dep't of Treasury*, 220 Mich App 83; 558 NW2d 456 (1996), and tax exemption statutes are to be strictly construed in favor of the government, *Beckman Production Services, Inc v Dep't of Treasury*, 202 Mich App 342, 345; 508 NW2d 178 (1993).

Petitioner contends that the MTT made an error of law in determining that petitioner did not meet the legislative intent of the statutory requirements for the industrial processing exemption. Specifically, petitioner contends that the MTT should have considered only whether its alterations of the property changed the "form, composition, and character" without reference to whether the property was sold at retail. We disagree. Before the passage of 1970 PA 15, the industrial processing exemption could be used by persons who provided a service essential to the industrial process of a manufacturer or producer and processed a commodity to condition it for later sale. *Kress v Dep't of Revenue*, 322 Mich 590; 34 NW2d 501 (1948); *Beckman, supra* at 344. The amendment of § 4(g) by 1970 PA 15 more narrowly defined industrial processing to exclude "services performed upon property owned by others where the services do not transform, alter or modify the property so as to place it in a different form, composition or character . . . ." *Beckman, supra* at 344.

Section 4(g) was again amended by 1987 PA 141, which rewrote the portion of the act applicable to this case to read " 'industrial processor' means a person who transforms, alters, or modifies tangible personal property by changing the form, composition, or character of the property for ultimate sale at retail or sale to another industrial processor to be further processed for ultimate sale at retail." While it is correct that changes in statutory language are presumed to reflect a change in meaning, *Beckman, supra* at 345, this Court has also recognized that changes in statutory language may reflect an attempt to clarify the meaning of a provision rather than change it. *Ettinger v Lansing*, 215 Mich App 451, 455; 546 NW2d 652 (1996).

We believe that the 1987 amendment of the pertinent portion of § 4(g), which contains virtually the same terms as the 1970 amendment with the addition of the phrase "ultimate sale at retail" evidences a legislative attempt to clarify the meaning of this provision. By incorporating the phrase "ultimate sale at retail" into this provision, the Legislature was reiterating what before the 1970 amendment had been accepted as a requirement to qualify for the industrial processing exemption to the use tax.

Accordingly, we find no errors of law on the part of the MTT and conclude that the factual findings are supported by competent, material, and substantial evidence. We reject petitioner's contention that the MTT's consideration of whether an ultimate sale at retail occurred went beyond what was ordered on remand. Remand was ordered so that the MTT could consider whether petitioner qualified for the industrial processing exemption after applying the correct

statutory test. Because we believe application of the statutory test included consideration of whether the property was used in a retail sale, we find petitioner's argument to be without merit.

Affirmed.