# STATE OF MICHIGAN

# COURT OF APPEALS

THE JOANNE L. EVANGELISTA
REVOCABLE TRUST, JOANNE L.
EVANGELISTA, and MICHAEL
EVANGELISTA,

Petitioners-Appellants,

v

CITY OF FARMINGTON HILLS,

Respondent-Appellee.

UNPUBLISHED
November 14, 2017

No. 334263
Michigan Tax Tribunal
LC No. 16-000062

Before: M. J. KELLY, P.J., and RONAYNE KRAUSE and BOONSTRA, JJ.

PER CURIAM.

Petitioners appeal by right the order of the Michigan Tax Tribunal (the Tribunal) granting respondent's motion for reconsideration and holding that the property at issue was not entitled to the exemption from ad valorem taxation found in MCL 211.7b. We affirm.

## I. PERTINENT FACTS AND PROCEDURAL HISTORY

Petitioner Michael Evangelista (Michael) is a 100% disabled veteran of the United States Armed Forces. Michael and his wife, petitioner Joanne L. Evangelista (Joanne), reside at a residential property (the property) within the bounds of respondent City of Farmington Hills (the city). Title to the property is held by petitioner The Joanne L. Evangelista Revocable Trust (the trust) pursuant to a 1998 quitclaim deed by which Michael and Joanne conveyed the property to the trust. The trust documents establish Joanne as the trustee and provide that Joanne shall receive all net income from the trust over her lifetime and shall have the ability to withdraw all principal held by the trust.

On December 4, 2015, Michael submitted to the city's Assessing Division a signed State Tax Commission (STC) Affidavit for Disabled Veterans Exemption. The affidavit identified the property in question and certified that Michael was a disabled veteran who was eligible for veterans' benefits at the 100% rate; Michael did not check boxes on the affidavit affirming that "I am a Michigan resident" and "I own the property in which the exemption is being claimed and it is used as my homestead. Homestead is generally defined as any dwelling with its land and buildings where a family makes its home."

-1-

Ten days later, on December 14, 2015, and shortly before a scheduled December 15, 2015 meeting of the city's Board of Review, Michael submitted a new STC Affidavit for Disabled Veterans Exemption and a new quit claim deed for the property, both dated December 14, 2015. The boxes that had been left unchecked in the original affidavit were checked on the new affidavit. The new deed purported to convey the property from the trust to Michael and Joanne; however, the deed reserved to the Grantor (i.e., Joanne) a life estate "coupled with unrestricted power to convey during the Grantor's lifetime, which includes the power to sell, gift, mortgage, lease, and otherwise dispose of the property," and in addition stated that the conveyance was "effective on the Grantor's death".

Following its December 15, 2015 meeting, the Board of Review rejected Michael's application, finding that he did not own the residence; rather, the residence was owned by the trust and therefore did not meet the ownership requirements for the exemption found in MCL 211.7b, which provides that "[r]eal property used and owned as a homestead by a disabled veteran" or, in the event of the veteran's death, his or her "unremarried surviving spouse," is exempt from the collection of property taxes under the general property tax act (GTPA), MCL 211.1 et seq. MCL 211.7b(1)-(2).

In January 2016, petitioners sought a review of the Board's decision by the Small Claims Division of the Tribunal. In May 2016, petitioners filed a motion for summary disposition under MCR 2.116(C)(9)(failure to state a defense) and (C)(10) (no genuine issue of material fact); in response, respondent contended that it was entitled to summary disposition under MCR 2.116(I)(2) (opposing party entitled to judgment as a matter of law). In June 2016, the Tribunal granted petitioners' motion for summary disposition,[1] holding that, although Michael was not the owner of the property when he filed his petition, the 2015 quit claim deed conveyed a fee simple interest in the property to Michael and Joanne, and thus Michael was an owner of the property and the exemption applied. The Tribunal issued a final opinion and judgment on June 17, 2016 directing the officer charged with maintaining respondent's assessment rolls to correct the rolls to reflect the exemption within 20 days of, and to collect applicable taxes or issue a refund within 28 days of, the entry of the judgment.

On July 6, 2016, respondent filed a motion for reconsideration with the Tribunal. On July 15, 2016, before respondent's motion for reconsideration had been decided and 28 days after the entry of the Tribunal's final opinion and judgment, respondent issued a refund of property taxes for the 2015 tax year to the trust.

On July 26, 2016, the Tribunal issued an order granting respondent's motion for reconsideration and a corrected final opinion and judgment. The Tribunal held that its prior determination that the 2015 quitclaim deed had conveyed the property to Michael and Joanne in fee simple was erroneous, considering the deed's language as a whole. Therefore, after concluding that the property was not owned by Michael, the Tribunal determined that it had erroneously granted summary disposition in favor of petitioners. It also determined that respondent's claims were not rendered moot by the fact that the County Treasurer had issued a refund of 2015 property taxes to the trust. The Tribunal therefore granted respondent's motion

---

[1] No hearing was held on petitioners' motion.

for reconsideration and again ordered the correction of the 2015 assessment rolls and the collection of taxes. This appeal followed.

## II. STANDARD OF REVIEW

The standard of review of Tax Tribunal cases is multifaceted. If fraud is not claimed, this Court reviews the Tax Tribunal's decision for misapplication of the law or adoption of a wrong principle. We deem the Tax Tribunal's factual findings conclusive if they are supported by "competent, material, and substantial evidence on the whole record." But when statutory interpretation is involved, this Court reviews the Tax Tribunal's decision de novo. We also review de novo the grant or denial of a motion for summary disposition. [See *Briggs Tax Serv, LLC v Detroit Pub Sch*, 485 Mich 69, 75; 780 NW2d 753 (2010) (footnotes omitted).]

We review for an abuse of discretion a trial court's decision on a motion for reconsideration. *Woods v SLB Prop Mgt, LLC*, 277 Mich App 622, 629; 750 NW2d 228 (2008). An abuse of discretion occurs when a trial court chooses a result outside the range of principled outcomes. See *Maldonado v Ford Motor Co*, 476 Mich 372, 388; 719 NW2d 809 (2006). We review de novo whether an issue is moot. *Garrett v Washington*, 314 Mich App 436, 449; 886 NW2d 762 (2016).

## III. DENIAL OF DISABLED VETERANS EXEMPTION

Petitioners argue that the Tribunal erred by determining that Michael was not entitled to the disabled veterans exemption for tax year 2015. We disagree. We construe tax exemption statutes strictly in favor of the taxing unit. *Beckman Production Servs, Inc v Dep't of Treasury*, 202 Mich App 342, 345; 508 NW2d 178 (1993). The party asserting the right to an exemption has the burden of proving entitlement to that exemption. *Id*.

At the outset, we note that petitioners explicitly do not challenge the Tribunal's holding that the 2015 quitclaim deed did not convey a present interest in the property to Michael and Joanne. Rather, they challenge the Tribunal's holding, stated in both its original order granting petitioner's motion for summary disposition and in its order granting respondent's motion for reconsideration, that the property did not meet the ownership requirements of MCL 211.7b by virtue of its ownership by the trust.

MCL 211.7b provides in relevant part:

(1) Real property used and owned as a homestead by a disabled veteran who was discharged from the armed forces of the United States under honorable conditions or by an individual described in subsection (2) is exempt from the collection of taxes under this act. . . .

(2) If a disabled veteran who is otherwise eligible for the exemption under this section dies, either before or after the exemption under this section is granted, the exemption shall remain available to or shall continue for his or her unremarried surviving spouse. . . . The exemption shall continue as long as the surviving spouse remains unremarried.

As stated, there is no dispute that Michael is a "disabled veteran who was discharged from the armed forces of the United States under honorable conditions." *Id*. Petitioners argue that, contrary to the Tribunal's findings, the property is "used and owned as a homestead by a disabled veteran" by virtue of its ownership by the trust of which Joanne, his wife, is both the trustee and sole current beneficiary. We disagree.

Our primary goal of statutory interpretation is to give effect to the intent of the Legislature as derived from the language of the statute itself. See *Mich Ed Ass'n v Secretary of State* (*On Rehearing*), 489 Mich 194, 217-218; 801 NW2d 35 (2011). We will not read anything into a clear statute that does not reflect the intention of the Legislature as expressed by the statutory language. *Id*. at 218. In other words, we enforce clear statutory language as written. See *Velez v Tuma*, 492 Mich 1, 16-17; 821 NW2d 432 (2012). Unless defined in the statute, statutory language should be given its plain and ordinary meaning. See *Brackett v Focus Hope, Inc*, 482 Mich 269, 276; 753 NW2d 207 (2008). To that end, a court may consult a dictionary for a term's definition if such term is not defined in the statute. *Sanchez v Eagle Alloy Inc*, 254 Mich App 651, 668; 658 NW2d 510 (2003). Statutes that relate to the same class of persons or things should be read in pari materia and harmonized if possible. *Bloomfield Twp v Kane*, 302 Mich App 170, 176; 839 NW2d 505 (2013).

The disabled veterans exemption requires that the property in question be "owned and used as a homestead" by a disabled veteran. MCL 211.7b. A "homestead" under the GPTA is "a dwelling or a unit in a multipurpose or multidwelling building which is subject to ad valorem taxes and which is owned and occupied as the principal domicile by the owner thereof." MCL 211.7a(1)(c). A homestead must therefore be owned and occupied by an owner. An "owner" of a homestead is "the holder of legal title if a land contract does not exist, or the most recent land contract vendee." MCL 2.117a(1)(d). There is no dispute that the trust, not Michael, holds legal title to the property, and the trust is not a disabled veteran or an unremarried surviving spouse. MCL 211.7b. Because Michael is not the owner of the property, he is not entitled to the exemption under the plain language of MCL 211.7b read in pari materia with the definitions of "homestead" and "owner" in MCL 211.7a,[2] particularly when strictly construed in favor of the taxing entity, *Beckman Production Servs, Inc*, 202 Mich App at 345.

We note that respondents argue that property owned by a trust (rather than an individual) can never be a homestead for purposes of the disabled veterans exemption. Petitioners argue to the contrary that the disabled veterans exemption requires ownership "as a homestead," and that

---

[2] The Tribunal found that the definition of "owner" found MCL 211.7a did not apply to MCL 211.7b, because MCL 211.7a(1) specifies that its definitions are for terms "[A]s used in this section", i.e., in MCL 211.7a only. We disagree, inasmuch as MCL 211.7a concerns the procedure for filing for all real property exemptions, including that found in MCL 211.7b. But we note that the Tribunal ultimately and correctly concluded that Michael was not an owner of the property, albeit after examining the definition of "owner" found in Black's Law Dictionary (10th ed) ("[s]omeone who has the right to possess, use, and convey something; a person in whom one or more interests are vested").

the GPTA's principal residence exemption (PRE), MCL 211.7cc,[3] see *Stege v Dep't of Treasury*, 252 Mich App 183, 189; 651 NW2d 164 (2002), allows for ownership by a trust. However, in this case, it is Joanne (not Michael) who is the grantor and trustee of the trust. Joanne is neither a disabled veteran nor the surviving unremarried spouse of one. Petitioners therefore suggest that this Court find that Michael is an equitable co-owner of the property by virtue of his marriage to Joanne (who, petitioners contend, "owns" the property through the trust). However, this is precisely the sort of leap that courts must avoid when strictly construing an exemption in favor of the taxing authority. *Beckman Production Servs, Inc*, 202 Mich App at 345. Further, the record clearly shows that in 1998, Michael and Joanne conveyed the property by quitclaim deed to the trust. A quitclaim deed conveys a grantors' "complete interest or claim in real property." *Eastbrook Homes, Inc v Dep't of Treasury*, 296 Mich App 336, 349; 820 NW2d 242 (2012). Thus, having conveyed his complete interest in the property to the trust in 1998, and the trustee (Joanne) having the sole unfettered ability to convey or dispose of trust property, it is difficult to see what interest Michael possessed in the property in 2015, equitable or otherwise.[4]

Notwithstanding the plain language of the statute, petitioners place great stock in the following passage from the STC's Transfer of Ownership Guidelines (Guidelines):

> **My home is in a trust. Am I eligible for the exemption?**
>
> That depends on the form of the trust. Any trust that shares ownership of the home (provides that there are additional current beneficiaries) other than the disabled veteran (and/or his or her spouse or unremarried surviving spouse) would not be eligible for the exemption. The Act does not provide for a partial exemption in the situation where the veteran or unremarried surviving spouse are [sic] only a partial owner of the property.

The Tribunal correctly noted that the Guidelines do not have the force of law, but that nonetheless an administrative agency such as the STC is entitled to "respectful consideration" of its interpretation of a statute it is charged with executing. See *In re Complaint of Rovas Against SBC Michigan*, 482 Mich 90, 103; 754 NW2d 259 (2008). However, such interpretations are not binding on the courts and cannot be deemed effective if in conflict with the language of the

---

[3] Petitioners propose that we apply the definition of "owner" provided for in MCL 211.7dd(a), but that definition expressly applies only to MCL 211.7cc and MCL 211.7ee, see MCL 211.7dd. Moreover, MCL 211.7b does not refer to the PRE and we see no reason to apply the PRE-specific definition of "owner" over MCL 211.7a's definition, which *explicitly* incorporates its definition of "owner" into its definition of "homestead." Nor does it appear in any event (nor do petitioners argue) that Michael would fall within the definition of "owner" provided for in MCL 211.7dd(a), because he is not "[a] person who owns property as a result of being a beneficiary of a . . . trust . . .," "[a] grantor who has placed the property in a revocable trust or a qualified personal residence trust," or "[t]he sole present beneficiary of a trust if the trust purchased or acquired the property as a principal residence for the sole present beneficiary of the trust, and the sole present beneficiary of the trust is totally and permanently disabled . . . ." *Id*.

[4] Again, petitioners explicitly do not challenge the Tribunal's holding that the 2015 quitclaim deed was not an effective conveyance at that time.

statute at issue. *Id*. Courts have been specifically warned by the legislature against reliance on "a guideline, operational memorandum, bulletin, interpretive statement, or form with instructions" when considering whether to uphold administrative agency decisions. MCL 24.232(5).

MCL 211.7b states that the property must be "owned and used as a homestead" by a disabled veteran. To the extent that the Guidelines imply that this requirement can be satisfied by a situation where the only disabled veteran holds no legal title in the subject property and is at most a contingent future beneficiary of the trust that holds title, such an implication is contrary to the plain language of the statute as strictly construed in favor of the taxing authority. *Beckman Production Servs, Inc*, 202 Mich App at 345. We further note that it is only by implication that this passage might allow the exemption to be applied in petitioners' situation. The passage specifically forbids trusts that have current beneficiaries other than a disabled veteran or his or her spouse or unremarried spouse from claiming the exemption; it does not specifically *permit* trusts in which only the disabled veteran's current spouse is trustee and current beneficiary to receive the disabled veteran's exemption as an owner of the property. In sum, we conclude that the STC's Guidelines do not indicate that the Tribunal misapplied the law or adopted the wrong principle, or otherwise reveal an error in the Tribunal's statutory interpretation. *Briggs Tax Serv, LLC v Detroit Pub Sch*, 485 Mich at 75.

Because the Tribunal found that it had erred by determining that the 2015 quitclaim deed was an effective conveyance (a finding not challenged on appeal) and because it did not misapply the law or adopt the wrong principle in determining that the property owned by the trust was not eligible for the disabled veterans exemption, see *Briggs Tax Serv*, 485 Mich at 75, respondent was entitled to summary disposition under MCR 2.116(C)(10), see *id.*, and the Tribunal's decision to grant respondent's motion for reconsideration was not an abuse of discretion, *Woods*, 277 Mich App at 629.

IV. MOOTNESS

Petitioners also argue that the Tribunal should have declined to consider respondent's motion for reconsideration, because respondent's challenges to its order were rendered moot by the County Treasurer's issuance to the trust of a refund for 2015 property taxes. We disagree.

An issue is moot if "an event has occurred that renders it impossible for the court, if it should decide in favor of the party, to grant relief." *City of Jackson v Thompson McCully Co, LLC,* 239 Mich App 482, 493; 608 NW2d 531 (2000). While it is true that the general rule is that "a satisfaction of judgment is the end of proceedings and bars any further effort to alter or amend the final judgment," *Becker v Halliday*, 218 Mich App 576, 578; 554 NW2d 67 (1996), and such rule applies "with equal force to defendants satisfying a judgment as it does to plaintiffs accepting the satisfaction of a judgment," *Amerisure Ins Co v Auto-Owners Ins Co*, 262 Mich App 10, 28; 684 NW2d 391 (2004), this rule is invoked when a party chooses "by his voluntary act" to satisfy a judgment or accept that satisfaction. See *Horowitz v Rott*, 235 Mich 369, 372; 209 NW2d 131 (1926), see also *Trahey v City of Inkster*, 311 Mich App 582, 591; 876 NW2d 582 (2015) ("If . . . the judgment is involuntarily satisfied, the appeal is not moot.").

Here, the Tribunal's original final opinion and judgment directed the officer charged with maintaining respondent's assessment rolls to correct the assessment rolls to reflect the exemption

within 20 days of, and to collect applicable taxes or issue a refund within 28 days of, the entry of the Tribunal's opinion and judgment. The language of the Tribunal's order reflects the statutory duties of officers charged with keeping tax rolls and collecting taxes. MCL 205.572(1) provides that "A decision or order of the tribunal is final and conclusive on all parties unless reversed, remanded, or modified on appeal." MCL 205.572(2) further provides that the tribunal may order a rehearing upon written motion made by a party within 21 days after the order. MCL 205.755 states as follows:

> (1) Within 20 days after entry of the order, the officers charged with keeping the rolls on which the affected assessment and tax are spread shall correct the rolls and the officer charged with collecting or refunding to the affected tax shall thereafter collect or refund it, in accordance with the order.
>
> (2) When an appeal is taken, the time periods within which action would otherwise be taken pursuant to subsection (1) shall commence running upon entry of the final order on appeal.

Finally, MCL 205.753 states that "an appeal from the tribunal's decision shall be by right to the court of appeals."

Therefore, after the entry of the Tribunal's original final opinion and judgment, the officers of the County Treasurer charged with keeping the 2015 tax rolls were obligated to correct those rolls and "thereafter" collect or refund taxes "in accordance with the order." The Legislature's use of the word "shall" indicates a mandatory, rather than discretionary, provision. *Smitter v Thornapple Twp*, 494 Mich 121, 136; 833 NW2d 875 (2013). And the only provision for tolling these statutory duties in MCL 205.755 concerns the taking of "an appeal" to this Court, MCL 205.753. No similar tolling provision is found in the statute concerning the Tribunal's ability to order rehearing; in fact, a party is permitted to request rehearing one day after the first of the taxing officers' duties have been triggered. We conclude that the County Treasurer's issuance of a refund lacked the voluntary choice between alternatives that characterizes our application of the rule that satisfaction of a judgment renders its appeal moot. *Becker*, 218 Mich App at 578. We therefore decline to address respondent's alternative argument that respondent and the County Treasurer are different governmental entities such that the actions of one do not bind the other.

Affirmed.

/s/ Michael J. Kelly
/s/ Amy Ronayne Krause
/s/ Mark T. Boonstra