WOHLFERT v KRESGE

Docket No. 59193. Submitted July 1, 1982, at Lansing.—Decided
October 6, 1982. Leave to appeal applied for.

Leatrice Wohlfert, administratrix of the estate of Cheryl Bender,
deceased, brought an action against Stanley Kresge, Jr., and
Helen Kresge for wrongful death in the Gratiot Circuit Court.
The court, Timothy M. Green, J., entered a judgment for
plaintiff, which was paid, and plaintiff executed an uncondi-
tional satisfaction. Plaintiff appealed, alleging that the court
erred in refusing to instruct the jury that siblings of the
deceased were among the persons represented by plaintiff and
to instruct on an award of damages for the loss of society and
companionship suffered by the deceased's siblings. *Held:*

A party who accepts satisfaction in whole or in part of a
judgment rendered in his favor for money or property entered
as upon a common-law action waives his right to maintain an
appeal where the appeal might result in again putting in issue
his right to the money or property received. The siblings' losses
are not separate and distinct from the losses suffered due to the
breakup of the family unit. If a new trial were ordered, the
entire issue of damages would have to be tried *de novo*. Plain-
tiff has waived the right to appeal this issue.

Appeal dismissed.

JUDGMENTS — SATISFACTION — APPEAL — WAIVER.

A party who accepts satisfaction in whole or in part of a judg-
ment rendered in his favor for money or property entered as
upon a common-law action waives his right to maintain an
appeal where the appeal might result in again putting in issue
his right to the money or property received.

*Quinn & Budaj, P.C.* (by *John P. Quinn*), for
plaintiff.

REFERENCES FOR POINTS IN HEADNOTE
4 Am Jur 2d, Appeal and Error §§ 260-263.
Defeated party's payment or satisfaction of, or other compliance
with, civil judgment as barring his right to appeal. 39 ALR2d 153.

*Fortino, Plaxton & Moskal* (by *John J. Moskal),* for defendants.

Before: R. B. BURNS, P.J., and D. F. WALSH and P. J. MARUTIAK,* JJ.

P. J. MARUTIAK. Plaintiff is the personal representative of the estate of Cheryl Bender, who died as a result of injuries received in an automobile collision. The jury returned a verdict in the amount of $100,000. Following the entry of judgment, the full amount required by the judgment was paid and the plaintiff executed a satisfaction of judgment, filed in the trial court. No conditions were attached to either the acceptance of the money or the satisfaction of judgment.

Plaintiff claims error in the trial court's refusal to instruct a jury that siblings of the deceased were among the persons represented by the plaintiff and to instruct the jury regarding an award of damages for the loss of society and companionship suffered by the siblings. The first issue raised is whether the siblings are entitled to a wrongful death recovery where both parents survive the decedent. The trial judge succinctly and pointedly described the State of Michigan law when he stated: "At the outset it might be noted this court is deeply indebted to the Court of Appeals for guidance, not only the bench but the bar as well, when two panels come down with opinions which are diametrically opposed points of law." As bench and bar well know, opposite conclusions on the issue have been reached in *Crystal v Hubbard,* 92 Mich App 240; 285 NW2d 66 (1979), and *Scott v Burger King Corp,* 95 Mich App 694; 291 NW2d 174 (1980). What the learned judge could have added is that the *Crystal* case is now on appeal to

* Circuit judge, sitting on the Court of Appeals by assignment.

the Supreme Court and arguments were completed in November, 1980, and bench and bar are still considering clarification.

Both *Crystal* and *Scott* turn on the definition of "next of kin" in the wrongful death act, MCL 600.2922; MSA 27A.2922. Although this panel is not inclined to expand liability under the statute, it will not further confuse bench and bar by learned pronouncements on the issue. Instead it will patiently await clarification by the Supreme Court. A determination on this issue is not necessary to a determination of the instant appeal.

The other issue is whether plaintiff has waived her right to bring this appeal by accepting the money due under a money judgment and filing a satisfaction thereof. "As a general rule, a plaintiff who accepts satisfaction, in whole or in part, of a judgment in his favor for money or property entered as upon a common-law action, waives his right to maintain an appeal or to seek a review of the judgment for error. This applies in any form of practice or procedure whereby the appeal or review might result in again putting in issue his right to the money or property received." 169 ALR 989. Similar law has been recognized in Michigan. *Westgate v Adams,* 293 Mich 559; 292 NW 491 (1940).

There is, however, no waiver where the appeal cannot affect the benefits already accepted. Therefore, the resolution of this issue depends, first, upon whether the Supreme Court will follow *Scott* or *Crystal.* Obviously, if *Crystal* is followed, there is no appealable issue. If *Scott* is followed then the issue is restated thusly: If the siblings can recover may a new trial be limited to their damages?

In this case the jury found defendants negligent. There is no way to review the elements the jury

considered in finding the $100,000 adequate compensation. This amount included compensation for the breakup of the family unit and is evidenced in the holding of the trial court:

"*Mr. Quinn [plaintiffs' counsel]:* Your Honor, just to clarify that holding on what evidence is now relevant, it is my understanding that evidence concerning the impact that the death of Cheryl Bender has had on the family unit, since Leatrice Wohlfert, the mother of the child is a member of the family, is admissible on the question of Leatrice Wohlfert's claims for loss of society and companionship.

"I want to make sure I'm correct in that understanding.

"*Mr. Plaxton [defendants' counsel]:* As long as it is pertinent to her damages, yes."

The siblings' cause of action for the loss of companionship, if allowed, is not separate and distinct from losses suffered due to the breakup of the family unit. A partial new trial limited to the siblings' damages would involve a serious risk of redundant awards. If a new trial were to be ordered the total amount of damages must still be stated in a lump sum to conform with MCL 600.2922; MSA 27A.2922. Therefore, the damages would be tried *de novo* to avoid redundant awards. If damages then must be tried *de novo,* plaintiff has waived her right to appeal by accepting the previous award.

The appeal is dismissed.