BECKER v HALLIDAY

Docket No. 177634. Submitted April 17, 1996, at Lansing. Decided September 3, 1996, at 9:00 A.M. Leave to appeal sought.

Angela M. Becker brought an action in the Genesee Circuit Court against Richard Halliday, alleging dental malpractice. A jury awarded the plaintiff $200,000 in damages, after which she moved for an award of costs and attorney fees as a mediation sanction against the defendant. Before the court could rule on the motion, the plaintiff and her counsel signed a satisfaction of judgment that expressly provided that all interest, costs, and attorney fees were included in the judgment. The court, Donald R. Freeman, J., denied the plaintiff's motion. The plaintiff appealed, claiming that the trial court abused its discretion in refusing to award costs and attorney fees. The defendant cross appealed, claiming that the satisfaction of judgment precludes an award of costs and attorney fees.

The Court of Appeals *held*:

Additional costs or attorney fees to which a party may be entitled under the court rules are waived when the parties enter into a satisfaction of judgment that expressly provides that the judgment includes costs and attorney fees.

Affirmed; cross appeal dismissed as moot.

1. JUDGMENTS — SATISFACTION — APPEAL — WAIVER.

A party who accepts satisfaction in whole or in part of a judgment does not waive the right to maintain an appeal or seek review of the judgment where the appeal addresses an issue that is collateral to the benefits already accepted and will not result in putting at issue the right to relief already received.

2. COSTS — ATTORNEY FEES — SATISFACTION OF JUDGMENTS.

Additional costs or attorney fees to which a party may be entitled under the court rules are waived when the parties enter into a satisfaction of judgment that expressly provides that the judgment includes costs and attorney fees (MCR 2.403, 2.405).

*Robert Gittleman*, for the plaintiff.

*David A. Wallace*, for the defendant.

Before: MICHAEL J. KELLY P.J., and BANDSTRA and S. B. MILLER,* JJ.

PER CURIAM. Following a jury trial, defendant, Richard Halliday, D.D.S., was found liable to plaintiff, Angela Marie Becker, for dental malpractice. Plaintiff appeals as of right from the circuit court's posttrial refusal to award costs and attorney fees pursuant to MCR 2.403.[1] Defendant cross appeals, alleging that the plaintiff's appeal is barred because the plaintiff and her attorney signed a satisfaction of judgment that expressly provided that all "interests, costs, and attorney fees" were included. We affirm the circuit court's ruling for the reasons stated herein.

Plaintiff sued Dr. Halliday for dental malpractice, alleging that the defendant negligently injected local anesthesia into her upper jaw in such a manner as to cause the needle of the syringe to break off and lodge in her upper jaw. The claim was mediated, resulting in an evaluation of $150,000, which both parties rejected. Before trial, numerous attempts at settlement proved unsuccessful. On May 10, 1994, plaintiff received a jury award of $200,000.

On May 27, 1994, plaintiff filed a motion for costs and attorney fees. Oral arguments on the motion were heard on June 13, 1994. On July 7, 1994, both plaintiff and her counsel signed a satisfaction of judgment, which was entered on July 15, 1994. Thereafter, on July 22, 1994, the trial court denied the plaintiff's

---

* Circuit judge, sitting on the Court of Appeals by assignment.

[1] Because the plaintiff may have been entitled to actual costs pursuant to MCR 2.403 and MCR 2.405, the earlier rejection under MCR 2.405 would have controlled. *Freysinger v Taylor Supply Co*, 197 Mich App 349, 354; 494 NW2d 870 (1992).

request for mediation penalties, including interest and attorney fees.

Plaintiff argues on appeal that the trial court's denial of attorney fees was an abuse of discretion. In response, defendant cross appeals, arguing that the satisfaction of judgment precludes a subsequent award of attorney fees.

The general rule states that a satisfaction of judgment is the end of proceedings and bars any further effort to alter or amend the final judgment. See *Ideal Furnance Co v Int'l Molders' Union of North America*, 204 Mich 311; 169 NW 946 (1918). However, there are exceptions to this rule. In *Wolhfert v Kresge*, 120 Mich App 178; 327 NW2d 427 (1982), this Court addressed whether a plaintiff had waived her right to appeal when she accepted payment and signed a satisfaction of judgment in a wrongful death action. This Court held that a party who accepts satisfaction in whole or in part waives the right to maintain an appeal or seek review of the judgment for error, as long as the appeal or review might result in putting at issue the right to the relief already received. On the other hand, there is no waiver of appeal where the appeal addresses an issue collateral to the benefits already accepted. *Id.*

The case at hand falls squarely within the *Wohlfert* exception. The amount already received by the plaintiff will not be relitigated. Plaintiff's appeal addresses solely whether plaintiff is entitled to additional costs and attorney fees as provided under court rule. Therefore, this Court must determine whether plaintiff is entitled to seek appeal of the circuit court's order denying costs and attorney fees when both plaintiff and her counsel signed a satisfaction of judgment that

expressly provided that it included "all interests, costs, and attorney fees."

This is an issue of first impression in Michigan. Therefore, to answer this inquiry, we must be guided, first, by the principles underlying satisfaction of judgment, and, second, by the judicial policy of furthering the intentions and legitimate expectations of the parties. The principle guiding enforcement of a satisfaction of judgment is the promotion of certainty and finality. A satisfaction of judgment extinguishes the claim and, as discussed previously, may be reviewed on a very limited basis. Next, it is judicial policy to further the intent and expectations of the parties. The intent of any party entering into a satisfaction of judgment generally extends to the entire claim. These were the factors considered by the Colorado Supreme Court in its well-reasoned decision in *Dooley v Cal-Cut Pipe & Supply, Inc*, 197 Colo 362, 364; 593 P2d 360 (1979), which also addressed the issue presently before this Court.

In the case at hand, plaintiff and her counsel signed a satisfaction of judgment that expressly provided that attorney fees were included. The language was unqualified and unequivocal. Had the plaintiff intended not to release the claim relating to any attorney fees she might be entitled to under court rule, the satisfaction of judgment could have been so limited. No such limiting phrases were used. Because the plaintiff had already filed her motion for costs and attorney fees at the time the satisfaction of judgment was entered, it is reasonable to assume that the intent of the parties was to preclude any pending motions.

Therefore, we hold that when parties enter into a satisfaction of judgment that expressly provides that

it includes costs and attorney fees, there is a waiver of any additional costs or attorney fees to which a party may be entitled under the court rules. This result is consistent with that of other jurisdictions addressing this issue. See *id.* at 365; *Johnson v BMW of North America, Inc,* 583 So 2d 133 (Ala, 1991); *Acadian Bank of Thibodaux v Bates,* 470 So 2d 898 (La App, 1985); *Ashley v Atlantic Richfield,* 794 F2d 128 (CA 3, 1986); *Wakefield v Mathews,* 852 F2d 482 (CA 9, 1988).

Affirmed. Defendant's cross appeal is dismissed as moot.