OPINION OF THE COURT
Memorandum.
The order of the Appellate Division should be reversed, with costs, and the order of Supreme Court reinstated.
Plaintiff brought this action on behalf of herself and others similarly situated to recover insurance reimbursement for the cost of surgery-related anesthesiologist’s services. Defendant insurer contends that such costs cannot be recovered because the parties’ insurance contract, which covers the cost of certain medical and surgical care, contains a specific exclusion for "anesthesia.” We agree with plaintiff, however, that this exclusion does not unambiguously apply to the medical services associated with the administration of anesthetic agents and could just as readily be construed to exclude only the cost of those agents themselves.
While, as defendant contends, several dictionaries definé the term "anesthesia” broadly to mean the entire process of becoming anesthetized, the term has also often been used to refer only to the substance that is administered by an anesthesiologist (see, e.g., Stanski v Ezersky, 228 AD2d 311, 322; Houck v Sparks, 81 F3d 168; Alston v Howard, 925 F Supp 1034, 1038; *852 Gess v United States, 952 F Supp 1529; Norris v Detrick, 918 F Supp 977, 980, n 5; Rathgeber v Kiowa Dist. Hosp., 131 FRD 195, 196; Boswell v Burroughs Wellcome Co., 1997 WL 198746 [Tex Ct App]; Hughes v Bailey, 691 So 2d 359, 360 [La Ct App]; Becker v Halliday, 218 Mich App 576, 577, 554 NW2d 67, 68; Morgan v McPhail, 449 Pa Super 71, 672 A2d 1359; Roberts v Cox, 669 So 2d 633, 640 [La Ct App]; K Mart Corp. v Beall, 620 NE2d 700, 703 [Ind Ct App]; White v Katz, 261 NJ Super 672, 674-675, 619 A2d 683, 684; Public Health Law § 3380; 11 NYCRR 52.6; Ark Code Ann § 5-60-116 [b] [2]; Conn Gen Stat Ann § 21a-280; Mich Comp Laws Anno § 752.272; NH Rev Stat Ann § 644:5-a).
Moreover, none of the other provisions in the parties’ insurance contract serves to clarify the ambiguity inherent in the use of the term "anesthesia.” Defendant relies on the separate policy exclusion for "inpatient drugs or supplies,” arguing that that exclusion would render the "anesthesia” exclusion redundant if the latter were interpreted narrowly to encompass only the substances used to anesthetize surgical patients. However, the provision appears to exclude only the cost of those "inpatient drugs or supplies” that are "normally included in a hospital’s” charges.* Thus, although there may be some overlap, plaintiffs proposed interpretation of the "anesthesia” exclusion would not render it redundant in cases like plaintiffs involving drugs and supplies provided by an independent anesthesiologist. Further, to the extent that the "inpatient drugs or supplies” exclusion is construed to encompass all inpatient drugs and supplies, it would also render redundant the policy’s separate exclusion for the costs associated with blood and blood plasma. Hence, defendant’s effort to rule out plaintiffs preferred interpretation by reference to other policy provisions is unpersuasive.
Finally, a reading of the remainder of defendant’s policy reveals a number of specifically worded exclusions for the cost of such enumerated professional services as podiatry, chiropractic and cosmetic surgery. The absence of any similarly worded exclusion for anesthesiologists’ services could reasonably be understood as meaning that such fees are, in fact, reimbursable.
In short, it cannot be said that defendant satisfied its burden of demonstrating that the proposed exclusion for anesthesiolo *853 gists’ services is "stated in clear and unmistakable language, is subject to no other reasonable interpretation, and applies in the particular case” (Continental Cas. Co. v Rapid-American Corp., 80 NY2d 640, 652; see, Seaboard Sur. Co. v Gillette Co., 64 NY2d 304, 311). Accordingly, defendant has not established its entitlement to an order dismissing the complaint.
Chief Judge Kaye and Judges Titone, Bellacosa, Smith, Levine, Ciparick and Wesley concur in memorandum.
Order reversed, etc.

 The provision in question states: "This Contract does not provide benefits for hospital services, such as room and board, nursing services, inpatient drugs or supplies, services by hospital employees or other services or supplies which are normally included in a hospital’s charges” (emphasis supplied).