■ COHOES REALTY ASSOCIATES et al., Appellants-Respondents, v LEXINGTON INSURANCE Co., Respondent, and MARSHALL & STERLING UPSTATE, INC., Respondent-Appellant. [673 NYS2d 4] —Order, Supreme Court, New York County (Ira Gammerman, J.), entered December 1, 1997, which denied plaintiffs' motion and cross motion for partial summary judgment against both defendants and, upon a search of the record, granted summary judgment in favor of defendant insurer, unanimously affirmed, without costs.

We agree with the motion court that defendant insurer based its disclaimer of coverage on clear, unmistakable language in the subject policy, subject to no possible interpretation other than that offered by the insurer (see, Tanzer v Health Ins. Plan,

91 NY2d 850, 853). Were there an ambiguity warranting consideration of extrinsic evidence, that evidence would also favor defendant insurer's understanding of its obligations under the subject policy as against the reading of the policy proposed by plaintiffs.

Summary judgment, however, was properly withheld respecting plaintiffs' claims against defendant broker based on allegations that the broker did not exercise the requisite care to ensure that the coverage obtained was adequate (*see, e.g., Neil Plumbing & Heating Constr. Corp. v Providence Washington Ins. Co.*, 125 AD2d 295, 296-297). The record raises relevant issues as to whether the broker knew that the sprinkler system in the subject building was inoperable when the subject coverage was obtained, and as to whether the insured satisfied its duty to read the policy (*see, Rotanelli v Madden*, 172 AD2d 815, 816-817, *lv denied* 79 NY2d 754). We have considered the parties' remaining arguments for affirmative relief and find them to be without merit. Concur—Milonas, J. P., Wallach, Rubin, Mazzarelli and Saxe, JJ.