# STATE OF MICHIGAN

# COURT OF APPEALS

LAKELAND HOSPITALS AT NILES & ST.
JOSEPH, INC.,

       Plaintiff-Appellee,

v

AUTO-OWNERS INSURANCE COMPANY,

       Defendant-Appellant,

and

HOME-OWNERS INSURANCE COMPANY,

       Defendant.

UNPUBLISHED
February 12, 2015

No. 318440
Berrien Circuit Court
LC No. 12-000067-NF

LAKELAND HOSPITALS AT NILES & ST.
JOSEPH, INC.,

       Plaintiff-Appellant,

v

AUTO-OWNERS INSURANCE COMPANY and
HOME-OWNERS INSURANCE COMPANY,

       Defendants-Appellees.

No. 319331
Berrien Circuit Court
LC No. 12-000067-NF

Before: O'CONNELL, P.J., and SAWYER and MARKEY, JJ.

PER CURIAM.

This action involves the reasonableness of charges for surgical implant products billed by plaintiff, Lakeland Hospitals at Niles & St. Joseph, Inc., to the insured's no-fault carriers,

-1-

defendants Auto-Owners Insurance Company and Home-Owners Insurance Company, under the no-fault insurance act, MCL 500.3101 *et seq*. In docket no. 318440, Auto-Owners[1] appeals by right the September 11, 2013 judgment entered in favor of Lakeland following a jury trial. In docket no. 319331, Lakeland appeals by right the trial court's November 19, 2013 order denying its motion for attorney fees and costs under MCL 500.3148(1), in the same case. We affirm.

The insured, Edward Banish, was injured in a motor vehicle accident on August 20, 2007. At the time of his accident, Auto-Owners provided no-fault insurance to Banish. Lakeland provided medical care and treatment to Banish for injuries related to the motor vehicle accident when he had a spinal fusion at Lakeland in 2011. Auto-Owners initially paid Lakeland the full amount charged for all expenses, except for the amount billed for the surgical implants; Auto-Owners later paid a reduced amount for the surgical implants. Lakeland then filed a complaint for the outstanding amount.

Auto-Owners argues on appeal in docket no. 318440 that the trial court erred by denying its motion for directed verdict. We review de novo a trial court's decision regarding a party's motion for a directed verdict. *Elezovic v Ford Motor Co*, 472 Mich 408, 418; 697 NW2d 851 (2005). "A directed verdict is appropriate only when no factual question exists on which reasonable jurors could differ." *Smith v Foerster-Bolser Constr, Inc*, 269 Mich App 424, 427-428; 711 NW2d 421 (2006).

Auto-Owners has a "clear statutory right and obligation to question the reasonableness of the charges," and "the ultimate burden of proof regarding the reasonableness of the charges rests with the provider." *Bronson Methodist Hosp v Auto-Owners Ins Co*, 295 Mich App 431, 442-443; 814 NW2d 670 (2012). So, the burden was on Lakeland to establish by a preponderance of the evidence the reasonableness of its charge for the implants. *Id.*; *Advocacy Org for Patients & Providers [AOPP] v Auto Club Ins Ass'n*, 257 Mich App 365, 376-377; 670 NW2d 569 (2003).

We noted in *Bronson Methodist Hosp*, 295 Mich App at 443, that the term "reasonable" is not defined by the no-fault act and recognized that he Court in *AOPP* had "declined to 'delineate the permissible factors' " that may be considered when determining whether a charge is reasonable. *Id*. at 449. To establish the reasonableness of a charge, we explained that

> [t]he parties are free to introduce evidence to the fact-finder regarding the reasonableness of plaintiff's charges. Plaintiff is free to argue that its charges are in line with those of other similar providers for the surgical implant products at issue here, and defendants may respond by asserting that plaintiff's markup over the average wholesale cost of those products renders the charges excessive. But ultimately, the burden of proof is on the provider to show how and why the charges are reasonable. [*Id*. at 450.]

---

[1] Although Home-Owners Insurance Company is a listed party in the captions, we note that the parties stipulated to its dismissal from the action before trial. Therefore, we refer only to Auto-Owners in the remainder of our opinion.

Thus, an insurer may use a wholesale-cost-to-the-price-charged comparison to challenge the reasonableness of a claim. *Id*. And, when evidence "throws some light, however faint on the reasonableness of a charge . . . the jury should hear such evidence to more fully and accurately calculate a reasonable rate for the services rendered." *Hardrick v Auto Club Ins Ass'n*, 294 Mich App 651, 676; 819 NW2d 28 (2011).

The trial court did not err by denying Auto-Owners' motion for directed verdict because a factual question regarding the reasonableness of the charge existed at the close of Lakeland's proofs on which reasonable jurors could differ. *Smith*, 269 Mich App at 427-428. Lakeland did not erroneously rely solely on the itemized bills and record to establish the reasonableness of the surgical implants charge. Rather, evidence was properly presented regarding Lakeland's wholesale cost for the implants and the amount billed to Auto-Owners for the implants in relation to the total bill, as well as testimony that its total bill for the procedure was a "bargain" compared to the total amount other providers charged for the same surgery. *Bronson Methodist Hosp*, 295 Mich App at 450. Testimony was also provided that the charge for the implants included the amount allocated to the cost of running the whole health system, including the costs associated with the physicians, medical records, purchasing, building overhead, employee benefits, etc. Banish's total bill included an allocation for a certain portion of that cost, which for Banish's procedure was allocated to the cost charged for the surgical implant. While it is true that each *specific* expense must be reasonable, *Nasser v Auto Club Ins Ass'n*, 435 Mich 33, 50; 457 NW2d 637 (1990), it does not follow that only direct evidence of the implant cost may be used to establish the reasonableness of the charges. Rather, evidence regarding the additional overhead costs included in the price charged for the implants shed some light on the reasonableness of the charge and was appropriately heard by the jury. See *Hardrick*, 294 Mich App at 676 (stating that evidence of an attendant-care service provider's overhead is relevant to calculating a reasonable charge). Because the issue was factually disputed and Lakeland presented evidence to support the reasonableness of the charge, we conclude that the reasonableness of the charge was a question of fact for the jury to decide. *Bronson Methodist Hosp*, 295 Mich App at 454.

Next, we reject Auto-Owners' assertion on appeal in docket no. 318440 that cost-containment provisions in MCL 500.3107(a) (stating that allowable expenses consist of all "reasonable charges incurred") and MCL 500.3157 (stating that a provider rendering treatment to a person who is injured in a motor vehicle accident and is covered by PIP benefits may "charge a reasonable amount for the products, services and accommodations"), rise to the level of being a constitutional consideration or requirement when determining whether a provider's charge is reasonable. While our Supreme Court has recognized that "Michigan motorists are constitutionally entitled to have no-fault insurance made available on a fair and equitable basis" because no-fault insurance is compulsory for all motorists," *Shavers v Attorney General*, 402 Mich 554, 559-600; 267 NW2d 72 (1978), it does not follow that the manner in which a provider calculates its charges must also pass constitutional muster. The *Shavers* Court was concerned with the *availability* of no-fault insurance coverage given that it is compulsory, not with how to determine whether a charge is "reasonable" for purposes of MCL 500.3107(a) and MCL 500.3157. Instead, this Court has recognized that the mandate that the existence of no-fault insurance not increase the cost of health care in this state is a matter of *public policy*. *AOPP*, 257 Mich App at 378. There is simply no statutory language or caselaw to support Auto-Owners'

argument that the cost-containment provisions in this case must be interpreted as a *constitutional* constraint on provider charges.

Auto-Owners also argues that the manner in which Lakeland calculates its charges for surgical implants—setting the customary charge high with knowledge that only no-fault carriers will pay the full amount—is unreasonable and results in impermissible cost-shifting to no-fault carriers, which in turn drives up healthcare costs in contravention of cost-containment.

The no-fault act does not define the term "reasonable" in relation to the fee a provider may charge. *Bronson Methodist Hosp*, 295 Mich App at 443. But this Court's interpretations of "customary charge" in *Hofmann v Auto Club Ins Ass'n*, 211 Mich App 55; 535 NW2d 529 (1995), *Munson Med Ctr v Auto Club Ins Ass'n*, 218 Mich App 375; 554 NW2d 49 (1996), and *AOPP*, are instructive with regard to determining the reasonableness of a provider's charge as it relates to Auto-Owners' cost-containment argument. Specifically, *Hofmann*, 211 Mich App at 103-105, *Munson Med Ctr*, 218 Mich App at 382-385, and *AOPP*, 257 Mich App at 377-379, make it clear that the reasonableness of a charge is not defined by the customary fee charged by the provider. In other words, they are separate and distinct limitations on the amount healthcare providers may charge and what insurers must pay in the context of PIP benefits. *AOPP*, 257 Mich App at 376-377. The customary fee charged by a provider is only a "cap" on what providers may charge. *Id*.; MCL 500.3157. With regard to determining the "reasonableness of a charge," this Court has determined that whether a charge is reasonable is a question for the trier of fact. *Bronson Methodist Hosp*, 295 Mich App at 448; 454; *AOPP*, 257 Mich App at 379. It is the reasonableness of each specific charge, *Nasser*, 435 Mich at 50, as determined by the fact-finder, as opposed to the "customary fee" billed by the hospital, which in fact acts as a cost-containment limit on providers because the no-fault act only requires payment by an insurer of a reasonable fee. Cf. *AOPP*, 257 Mich App at 377-378 (recognizing that if a no-fault insurance carrier was required to pay a provider's customary charge without regard to whether the charge was reasonable, it would violate the public policy of cost containment underlying the no-fault act because the provider would in effect set what price is reasonable). We agree that, in general, shifting the costs from other insurers who do not pay the full amount of charges, to a no-fault provider such as Auto-Owners, does not in theory comport with the public policy of cost-containment. Nonetheless, the Legislature has addressed the potential for such abuses by limiting the reimbursement of medical expenses to only those that are "reasonable," without restricting the evidence which may be presented to support the reasonableness of a charge. Thus, allowing Lakeland to calculate its charges by allocating the overhead costs for the services and medical items it provides at the hospital to an individual covered by no-fault insurance—which takes into account the money it loses from procedures and services performed for individuals not covered by a no-fault insurer—does not circumvent the public policy of cost-containment. Instead, it is merely evidence of the reasonableness of the charges, which the trier of fact may accept or reject. Finally, Auto-Owners' argument is more a complaint about the structure of the no-fault act, i.e., that it does not limit that which a no-fault insurer pays as reasonable to that which another insurer, like Medicare or Medicaid, pays. But this Court may not read language into a statute that is not within the manifest intention of the Legislature as derived from the language of the statute itself. *Mich Ed Ass'n v Secretary of State* (*On Rehearing*), 489 Mich 194, 218; 801 NW2d 35 (2011). Thus, this argument is more appropriately addressed to the Legislature, not this Court.

In docket no. 319331, Lakeland argues that the trial court abused its discretion by denying its motion for attorney fees. We review for an abuse of discretion a trial court's decision whether to award attorney fees under the no-fault act. *Bronson Methodist Hosp*, 295 Mich App at 442. Whether the insurer acted reasonably involves a mixed question of law and fact. *Id*. What constitutes reasonableness is a question of law; whether the insurer's denial of benefits is reasonable under the particular facts of the case is a question of fact. *Id*. We review for clear error the trial court's factual findings. *Id*.

The recovery of attorney fees in a no-fault action is governed by MCL 500.3148(1), which provides:

> An attorney is entitled to a reasonable fee for advising and representing a claimant in an action for personal or property protection insurance benfits which are overdue. The attorney's fee shall be a charge against the insurer in addition to the benefits recovered, if the court finds that the insurer unreasonably refused to pay the claim or unreasonably delayed in making proper payment.

The trial court did not abuse its discretion by denying Lakeland's request for attorney fees. Auto-Owners agreed to pay 150% of Lakeland's cost for the surgical implants, rather than the full amount charged, which was over 350% greater than the actual cost of the surgical implants per a study conducted by CorVel Corporation, the company hired by Auto-Owners to review medical and hospital bills to determine the reasonableness of the charges. Without guidance regarding how to judge the reasonableness of such a charge, from either the no-fault act or as applied through caselaw, the trial court's finding that Auto-Owners' denial of benefits was reasonable under the facts of this case was not clearly erroneous.

Finally, we find unpersuasive Lakeland's claim that Auto-Owners' appeal is moot because the judgment was satisfied. We note that the satisfaction of judgment rule, which in general signifies "the end of proceedings and bars any further effort to alter or amend the final judgment," *Becker v Halliday*, 218 Mich App 576, 578; 554 NW2d 67 (1996), does not apply to this case. The order of satisfaction of judgment indicates that it is subject to MCL 600.1475, which requires restitution if this Court reverses the judgment. Thus, the judgment is not satisfied until such time as this appeal is resolved adversely to Auto-Owners. Because this Court would be able to fashion a remedy to Auto-Owners if it prevailed on appeal by ordering restitution, the appeal is also not moot. *B P 7 v Bureau of State Lottery*, 231 Mich App 356, 359; 586 NW2d 117 (1998).

We affirm.

/s/ Peter D. O'Connell
/s/ David H. Sawyer
/s/ Jane E. Markey

-5-