*If this opinion indicates that it is "FOR PUBLICATION," it is subject to revision
until final publication in the Michigan Appeals Reports.*

# S T A T E   O F   M I C H I G A N

# C O U R T   O F   A P P E A L S

BRIAN J. SZNYR and DANIEL J. HORNING,

        Plaintiffs-Appellees,

v

CITY OF LIVONIA,

        Defendant-Appellant.

UNPUBLISHED
August 13, 2019

No. 343504
Wayne Circuit Court
LC No. 16-011681-CD

Before: K. F. KELLY, P.J., and TUKEL and REDFORD, JJ.

PER CURIAM.

Defendant appeals as of right the trial court's order denying defendant's motion for sanctions. On appeal, defendant argues that the circuit court erred when it denied defendant's motion for sanctions against plaintiffs' counsel, Scott E. Combs ("Combs") because Combs knew, on the basis of the law and the facts available to him at the time, that the causes of action he asserted in the circuit court complaint filed on behalf of plaintiffs could not succeed. We affirm in part and reverse in part.

## I. BASIC FACTS AND PROCEDURAL HISTORY

This case arises out of plaintiffs' employment with the Livonia Police Department ("LPD"). Plaintiffs were initially hired by the LPD as police service aids, before being invited to attend the police academy. Before attending the police academy, plaintiffs signed contracts stating that defendant would pay for the police academy and related expenses, but if plaintiffs resigned from the LPD within four years of completion of the academy, defendant could seek reimbursement for the expenses incurred. Plaintiffs completed the police academy in November 2014, and submitted notice of their resignations in August 2015.

Defendant filed separate lawsuits in district court against plaintiffs to recover the balances that plaintiffs owed for their police academy expenses pursuant to the contracted agreements. Plaintiffs then filed a lawsuit in circuit court seeking damages for constructive discharge on the basis of gender discrimination, retaliation, defamation, and withheld wages. Defendant moved for, and the circuit court granted, summary disposition under MCR 2.116(C)(8) and (10). Defendant then sought sanctions against Combs, arguing that he advanced frivolous claims, in violation of MCR 2.114, MCR 2.625, and MCL 600.2591. In reply, it further asserted that the resolution of the district court proceeding through

offers of judgment did not preclude an award of sanctions. The circuit court denied defendant's motion for sanctions.

## II. OFFERS OF JUDGMENT AND SANCTIONS

Defendant argues that the circuit court erred when it determined that the offers of judgment in the two district court cases barred sanctions against Combs in the circuit court action. Specifically, it contends that the offer and satisfaction of judgments in the breach of contract actions against plaintiffs cannot serve to preclude a request for sanctions in an unrelated circuit court action alleging discrimination, retaliation, constructive discharge, and improper wage withholding arising from the employment environment. We agree.

"This Court reviews de novo the interpretation and application of our court rules." *Mercantile Bank Mtg Co, LLC v NGPCP/BRYS Ctr, LLC*, 305 Mich App 215, 223; 852 NW2d 210 (2014). Pursuant to the offer of judgment rule, MCR 2.405, until 28 days before trial, a party may serve the opposing party with a written offer to stipulate to the entry of a judgment for the whole or part of the claim, MCR 2.405(B). The purpose of the offer of judgment rule is to encourage settlement and deter protracted litigation. *Weiss v Hodge (After Remand)*, 223 Mich App 620, 640; 567 NW2d 468 (1997). A satisfaction of the judgment constitutes the conclusion of the proceedings and bars any further attempt to alter or amend the final judgment. *Becker v Halliday*, 218 Mich App 576, 578; 554 NW2d 67 (1996). A satisfaction of judgment extinguishes the claim and any review is on limited grounds. *Id*. at 579.

In *Hanley v Mazda Motor Corp*, 239 Mich App 596, 598-599; 609 NW2d 203 (2000), the plaintiff filed a lawsuit against Ford in a product liability action. The plaintiff later filed a separate product liability lawsuit against Mazda for the same defective product. *Id*. Twenty-six days after filing the lawsuit against Mazda, the trial court entered an offer of judgment against Ford that the plaintiff accepted. *Id*. at 599. The trial court granted Mazda's motion for summary disposition, concluding that the offer of judgment against Ford, who was a joint tortfeasor with Mazda, discharged Mazda from liability. *Id*.

This Court found:

[F]or purposes of the contribution statute, that the satisfaction of a judgment entered pursuant to MCR 2.405 discharges other tortfeasors from liability for that injury. Accordingly, we hold that an accepted, entered, and satisfied offer of judgment in one cause of action precludes pursuit of a separate cause of action for the identical damages arising from the same incident and injuries, but against other tortfeasors. [*Id*. at 606.]

Unlike *Hanley*, this case does not involve two causes of action that arose from the same incident and injuries. Here, defendant filed two breach of contract cases against plaintiffs to recover the costs of their police training. Plaintiffs then initiated the instant case against defendant, asserting claims of constructive discharge from gender discrimination, retaliation, defamation, and withheld wages. Although both the circuit court and district court cases ultimately concern plaintiffs' employment relationship with defendant, the cases do not have the same injuries. In the district court cases, defendant sought reimbursement pursuant to the signed contractual agreements with plaintiffs. In the circuit court case, plaintiffs sought damages on the basis of defendant's alleged wrongful conduct while, and immediately after, plaintiffs worked for the LPD. Because the cases do not arise from the same

injuries, *Hanley* does not prevent defendant from seeking sanctions in the circuit court case, despite the district court's entry of judgments against plaintiffs.

The offers of judgment state, in full:

> Pursuant to MCR 2.405, [Officer Horning] proposes an offer to allow Judgment to be entered against him in this action in the amount of $372.94 including all of [Defendant's] claims for relief. This offer of judgment is made for the purposes specified in MCR 2.405, and is not to be construed as either an admission that [Officer Horning] is liable in this action, or that the [Defendant] has suffered any damage. This Offer of Judgment shall not be filed with the Court unless (a) accepted or (b) in a proceeding to determine costs.

Both offers of judgment contain the same language with the exception of different payment amounts for each plaintiff. The offers of judgment do not contemplate that Combs would be released from paying sanctions arising from the circuit court action. Instead, the offers of judgment only discuss releasing plaintiffs, not Combs, from subsequent payments of costs. Where the parties sign a satisfaction of judgment with limiting language that expressly provides that costs and attorney fees are included, there is a waiver of any additional costs or attorney fees to which a party may be entitled pursuant to the court rules. *Becker*, 218 Mich App at 578-580. Because the offers of judgment did not contain limitation language pertaining to attorney fees arising from an unrelated circuit court action against plaintiffs' counsel, defendant could pursue attorney fees and costs in accordance with the court rules.[1] Accordingly, the offers of judgment do not prevent defendant from seeking sanctions against Combs in the circuit court case, despite the offers of judgment between plaintiffs and defendant in the district court cases.

## III. SANCTIONS

Defendant argues that the circuit court clearly erred when it determined that the complaint filed by Combs was not frivolous. We disagree.

The purpose of sanctions in the court rules "is to deter parties and attorneys from filing documents or asserting claims and defenses that have not been sufficiently investigated and researched or that are intended to serve an improper purpose." *FMB-First Mich Bank v Bailey*, 232 Mich App 711,

---

[1] We note that the *Hanley* Court held that "an accepted, entered, and satisfied offer of judgment in one cause of action precludes pursuit of a separate cause of action for the identical damages arising from the same incident and injuries, *but against other tortfeasors*." *Hanley*, 239 Mich App at 606 (emphasis added). Plaintiffs and defendant shared an employer-employee relationship. However, the district and circuit court actions did not arise out of the same incident and injuries. The district court actions were initiated by defendant to recover the costs of training plaintiffs to become police officers. The circuit court action related to allegedly improper conduct or treatment that occurred during the performance of their duties after they became police officers. Moreover, the request for sanctions against Combs did not arise from his role as another tortfeasor, but purportedly from his failure to conduct a reasonable investigation of the facts and claims prior to filing suit, contrary to statute and court rules.

722-723; 591 NW2d 676 (1998). "A trial court's findings with regard to whether a claim or defense was frivolous, and whether sanctions may be imposed, will not be disturbed unless it is clearly erroneous." *1300 LaFayette East Coop, Inc v Savoy*, 284 Mich App 522, 533; 773 NW2d 57 (2009). "A decision is clearly erroneous where, although there is evidence to support it, the reviewing court is left with a definite and firm conviction that a mistake has been made." *Kitchen v Kitchen*, 465 Mich 654, 661-662; 641 NW2d 245 (2002).

MCR 2.114(D)[2] provides that an attorney who signs a document certifies that the attorney has read the document, that "the document is well grounded in fact and is warranted by existing law or a good-faith argument for the extension, modification, or reversal of existing law," and that the document is not intended for an improper purpose, such as harassment, delay, or to increase the cost of litigation. "[I]f the court finds on motion of a party that an action or defense was frivolous, costs shall be awarded as provided by MCL 600.2591." MCR 2.625(A)(2). "Upon motion of any party, if a court finds that a civil action or defense to a civil action was frivolous, the court that conducts the civil action shall award to the prevailing party the costs and fees incurred by that party in connection with the civil action by assessing the costs and fees against the nonprevailing party and their attorney." MCL 600.2591(1). "Whether a claim is frivolous within the meaning of MCR 2.114(F) and MCL 600.2591 depends on the facts of the case." *Kitchen*, 465 Mich at 662. As defined by MCL 600.2591(3):

(a) "Frivolous" means that at least 1 of the following conditions is met:

(*i*) The party's primary purpose in initiating the action or asserting the defense was to harass, embarrass, or injure the prevailing party.

(*ii*) The party had no reasonable basis to believe that the facts underlying that party's legal position were in fact true.

(*iii*) The party's legal position was devoid of arguable legal merit.

"An attorney has an affirmative duty to conduct a reasonable inquiry into the factual and legal viability of a pleading before it is signed." *LaRose Market, Inc v Sylvan Ctr, Inc*, 209 Mich App 201, 210; 530 NW2d 505 (1995). "The reasonableness of the attorney's inquiry is determined by an objective standard, not the attorney's subjective good faith." *Meisner Law Group, PC v Weston Downs Condo Ass'n*, 321 Mich App 702, 731; 909 NW2d 890 (2017). "A court must determine whether a claim or defense is frivolous on the basis of the circumstances at the time it was asserted." *Id*. at 732. "[A] claim is devoid of arguable legal merit if it is not sufficiently grounded in law or fact, such as when

---

[2] MCR 2.114 was repealed, effective September 1, 2018. This Court applies the version of court rules that were in effect at the time the trial court denied defendant's motion for sanctions. See *Rowe v Lowry*, 186 Mich App 136, 140; 463 NW2d 110 (1990) ("Although the amended court rule, which became effective March 31, 1990, now provides that an improper response constitutes a rejection, the court rule in effect at the time the road commission issued the improper response must be applied."). Additionally, the provisions previously contained in MCR 2.114 now appear in MCR 1.109(E)(5) through (7). Administrative Order No. 2002-37.

-4-

it violates basic, longstanding, and unmistakably evident precedent." *Adamo Demolition Co v Dep't of Treasury*, 303 Mich App 356, 369; 844 NW2d 143 (2013) (quotation marks and citations omitted).

In the trial court, defendant submitted that the amended complaint was devoid of legal merit, and plaintiffs' counsel, Combs, should have known that his clients would not provide evidentiary support. On the contrary, Combs asserted that he made inquiries to ensure the factual viability of the claims alleged, but he was limited in the information he was able to procure prior to the filing of the complaint. The trial court adopted the position of Combs and declined an award of sanctions. On this record, we cannot conclude that the trial court clearly erred.

At the hearing on the motion for sanctions, Combs delineated the efforts that he undertook prior to filing a complaint. He stated that plaintiffs prepared an extensive 15-page narrative addressing the events that occurred during their employment as well as a 10-page employment questionnaire. Further, Combs made requests to obtain plaintiffs' personnel files to no avail. He was unable to obtain a copy of defendant's policies and procedures and could not interview plaintiffs' former co-workers or supervisors. Although plaintiffs' union did indicate that it would pursue the wage claim, it did not assist plaintiffs with regard to any other grievance. Combs offered to submit information to the trial court to corroborate his investigation, noting that some content was privileged information. The trial court declined the offer to receive the information and did not take sworn testimony from Combs, but noted that he was presenting information as an officer of the court.

Although defendant sued plaintiffs in district court to recover the costs of their police training, plaintiffs did not file a countersuit. Nonetheless, plaintiffs had the district court action transferred to circuit court. Upon realizing that the court rules for transfer had not been complied with and were not met, the circuit court ordered the district court cases remanded back to that court. Despite defendant's insinuation that this transfer action was strategic and designed to benefit plaintiffs' position, the trial court did not render concomitant factual findings to support an improper transfer. Instead, the trial court gave credence to the documentation and argument made by Combs. In light of the trial court's finding in support of Combs's position, we cannot conclude that the trial court's decision to deny sanctions was clearly erroneous. *Kitchen*, 465 Mich at 662.

Affirmed in part, reversed in part, and remanded. We do not retain jurisdiction.

/s/ Kirsten Frank Kelly
/s/ Jonathan Tukel
/s/ James Robert Redford